# Exhibit 3

Case Number: PC-2017-3856
Filed in Providence/Bristol County Superior Court
Submitted: 10/11/2017 8:34:35 AM
Envelope: 1237972
Reviewer: Carol M.

| | |
|---|---|
| STATE OF RHODE ISLAND<br>PROVIDENCE, SC. | SUPERIOR COURT |
| St. Joseph Health Services of Rhode Island, Inc.<br><br>Vs.<br><br>St. Josephs Health Services of Rhode Island Retirement Plan, as amended | PC 2017-3856 |

## EMERGENCY PETITION TO ENGAGE SPECIAL LEGAL COUNSEL

To the Honorable Providence County Superior Court, now comes Stephen F. Del Sesto, Esquire, Temporary Receiver ("Receiver") of St. Josephs Health Services of Rhode Island Retirement Plan, as amended (hereinafter referred to as the "Plan") and hereby states as follows:

1.  Stephen F. Del Sesto was appointed as Temporary Receiver of the Plan on August 18, 2017.

2.  The Plan was established as a Rhode Island Trust to hold and distribute funds as a private retirement pension plan established by the Petitioner for the benefit of certain of its employees.

3.  For at least the past 10+ years the Plan was substantially underfunded with only two (2) contributions being made between September 2008 and June 2014 ($1.5 million and $14 million, respectively). In addition, following a June 2014 sale of substantially all of Petitioner's operating assets, the Plan was "orphaned" with no source of funds available for regular, annual contributions into the Plan which are necessary for the Plan's long term survival.

4.  Immediately following his appointment, the Receiver determined that his fiduciary obligations to the Plan and its beneficiaries include the need to conduct an investigation into the circumstances which resulted in the Plan's significant, and likely irreversible, financial distress. While the Receiver has not yet identified any actionable claims against any parties, the

Case Number: PC-2017-3856
Filed in Providence/Bristol County Superior Court
Submitted: 10/11/2017 8:34:35 AM
Envelope: 1237972
Reviewer: Carol M.

Case 1:18-cv-00328-WES   Document 65-3   Filed 11/21/18   Page 3 of 9 PageID #: 2152

Receiver believes that this investigation should include an investigation of the parties involved in the administration of the Plan and the transaction(s) that resulted in the "orphan" status of the Plan and its significant underfunding.

5. Based upon the multi-layered aspects of this required investigation and the potential for complex litigation arising out of that investigation, the Receiver believes that assistance of special litigation counsel is warranted and necessary.

6. In this regard, the Receiver has had several substantive discussions with Attorneys Max Wistow, Stephen Sheehan and Benjamin Ledsham from the law firm of Wistow, Sheehan & Lovely PC ("WSL") regarding whether WSL would be interested in assisting the Receiver and the Plan Receivership Estate with this investigation and any resulting litigation. WSL have indicated a willingness to assist the Receiver and, even without the security of a formal engagement, have already spent substantial time working with the Receiver to sort through and understand the complexities of this matter. Based on the Receiver's knowledge of WSL and the significant value already brought to this matter in a relatively short period of time, the Receiver believes that WSL's experience, skill, knowledge and assistance will bring a valuable benefit to the Estate and the beneficiaries of the Plan. As a result, the Receiver requests that this Court authorize him to retain WSL as special counsel to the Receiver for the purposes outlined herein and in the attached, proposed engagement attached hereto as Exhibit A.

7. Due to the nature of the investigation and the potential for litigation, during the investigatory phase of the engagement where WSL will charge the Estate a blended rate of $375 per hour (the same hourly rate as the charged by the Receiver) the Receiver recommends that he be permitted to review and issue a recommendation to this Court regarding the approval WSL's invoices and submit those invoices in a redacted format for the Court's review.

WHEREFORE, for the reasons set forth herein and for the purposes outlined herein and in Exhibit A, your Receiver respectfully requests that an Order be entered allowing your Receiver to retain WSL to act as special legal counsel to the Receiver and Estate in accordance with the proposed engagement attached as Exhibit A. The Receiver also requests that the Order

Case Number: PC-2017-3856
Filed in Providence/Bristol County Superior Court
Submitted: 10/11/2017 8:34:35 AM
Envelope: 1237972
Reviewer: Carol M.

Case 1:18-cv-00328-WES   Document 65-3   Filed 11/21/18   Page 4 of 9 PageID #: 2153

indicate that WSL's invoices be submitted to the Court for approval in a redacted form and accompanied with a recommendation by the Receiver regarding those invoices.

Respectfully submitted,

*/s/ Stephen F. Del Sesto*
Stephen F. Del Sesto, Esq. (#6336)
Solely in his capacity as Temporary Receiver for St. Josephs Health Services of Rhode Island Retirement Plan and not individually
72 Pine Street, 5th Floor
Providence, RI  02903
Tel:    401-490-3415
sdelsesto@pierceatwood.com
Dated:  October 10, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of October, 2017, I electronically filed and served the within document via the Electronic Case Filing System of the Superior Court with notice to all parties in the system.

*/s/ Stephen F. Del Sesto*

Case Number: PC-2017-3856
Filed in Providence/Bristol County Superior Court
Submitted: 10/11/2017 8:34:35 AM
Envelope: 1237972
Reviewer: Carol M.

Case 1:18-cv-00328-WES   Document 65-3   Filed 11/21/18   Page 5 of 9 PageID #: 2154

## ENGAGEMENT AND FEE AGREEMENT

Stephen F. Del Sesto ("the Receiver"), as and only as Receiver of the St. Joseph Health Services of Rhode Island Retirement Plan (the "Plan"), hereby engages Wistow, Sheehan & Loveley, P.C. ("WSL") as special counsel to the Receiver and the Plan Receivership Estate as follows:

I.  INVESTIGATION

The Receiver engages WSL to investigate potential liability or obligation of any persons or entities to pay damages or funds to the Plan (or to assume responsibility for such plan in the future), making use of discovery, records, research and consultations in its discretion. Under the provision concerning Hourly Fees set forth below, WSL will charge an hourly rate for these services. In addition, WSL will be reimbursed on a current basis (i.e. monthly) for any out-of-pocket expenses (such as costs of records, computer-assisted legal research, expert consultants, etc.) actually incurred and without mark-up by WSL during the investigative phase, whether claims are made or not.

II. MAKING CLAIMS

The Receiver further constitutes and appoints WSL to make claims against persons and/or entities who its investigation indicates may be liable for damages or to assume responsibility for the Plan. Said claim(s) may be made by demand letter or by lawsuit, if necessary. The Receiver agrees to pay as legal fees ten percent (10%) of the gross of any amounts recovered prior to the bringing of suit, by way of compromise or settlement. If suit is brought, the Receiver agrees to pay as legal fees twenty-three and one-third percent (23 1/3 %) of the gross of any amount thereafter recovered by way of suit, compromise, settlement or otherwise. In the event that a final resolution of such

Case Number: PC-2017-3856
Filed in Providence/Bristol County Superior Court
Submitted: 10/11/2017 8:34:35 AM
Envelope: 1237972
Reviewer: Carol M.

Case 1:18-cv-00328-WES   Document 65-3   Filed 11/21/18   Page 6 of 9 PageID #: 2155

claims by settlement or otherwise results in a third party assuming responsibility for the Plan, the fees to be paid to WSL shall be an obligation of the Receivership, the amount of which shall be determined by the Court using the standards of *quantum meruit* pursuant to the laws of Rhode Island, taking into account the benefit rendered to the Plan. In any event, no compromise of the Plan's claims may be made without the Receiver's express authorization and approval by the Court.

III.     REIMBURSEMENT OF OUT-OF-POCKET EXPENSES

The Receiver is obligated to reimburse WSL within thirty (30) days of invoicing and in all events for any out-of-pocket expenses incurred by WSL (such as filing fees, costs of depositions, obtaining records, charges for computer-assisted legal research, costs of expert consultants and/or witnesses, etc.) in connection with Sections I or II above.

IV.     HOURLY FEES

The Receiver shall pay WSL an hourly rate of $375 per hour which is also the hourly rate presently being charged by the Receiver. In the event the Receiver's own hourly rate is increased, WSL will be entitled to charge such higher rate. Invoices for such hourly fees will be submitted to the Receiver every month for the Receiver's review. The Receiver shall seek Court approval of the fees submitted no less frequently than on a quarterly basis (or more frequently as the Receiver may in his discretion deem appropriate). The Receiver shall pay all Court-approved WSL invoices within three (3) business days of Court approval. The Receiver acknowledges that the attorneys performing services on behalf of WSL include Attorney Max Wistow, Attorney Stephen Sheehan, and Attorney Benjamin Ledsham, and that these services will be

2

Case Number: PC-2017-3856
Filed in Providence/Bristol County Superior Court
Submitted: 10/11/2017 8:34:35 AM
Envelope: 1237972
Reviewer: Carol M.

Case 1:18-cv-00328-WES   Document 65-3   Filed 11/21/18   Page 7 of 9 PageID #: 2156

performed during the investigation phase described by Section I as well as the phase, if applicable, described by Section II.

V.     Miscellaneous

The Receiver hereby approves and acknowledges delivery of a duplicate copy of this Contingent Fee Agreement and acknowledges receipt of "A Client's Statement of Rights & Responsibilities."

_____
Stephen F. Del Sesto, Esq., as Receiver of the St. Joseph Health Services of Rhode Island Retirement Plan

Date:

Wistow, Sheehan & Loveley, P.C., by

_____
Max Wistow, Esq.

Date:

3

Case Number: PC-2017-3856
Filed in Providence/Bristol County Superior Court
Submitted: 10/11/2017 8:34:35 AM
Envelope: 1237972
Reviewer: Carol M.

Case 1:18-cv-00328-WES   Document 65-3   Filed 11/21/18   Page 8 of 9 PageID #: 2157

# A Client's Statement of Rights & Responsibilities*

As your legal advisor, your **attorney has** the right to expect that:

1. You will make a full and honest disclosure of all of the (acts — good and bad — that relate to your legal matter, and you will inform your attorney about any new facts or circumstances that may affect your case as they arise.

2. *You* will adhere to your fee agreement with your attorney, pay your bills for all work that has been performed, and pay for all costs that were advanced for you. If you have any questions about your bill, you will discuss them with your attorney.

3. You will seek your attorney's advice before discussing any information relating to your legal matter with others.

4. You will tell your attorney if you have any concerns or reservations about the advice you are being given.

5. You will be on time for all court hearings and appointments with your attorney or let your attorney know in advance if you cannot be on time.

6. If you cannot reach your attorney when you phone the office, you will leave your name and phone number and a brief message.

7. You will complete the tasks requested by your attorney in a timely fashion or let your attorney know when you cannot.

8. You will discuss your expectations about what you want to accomplish in your legal matter with your attorney. When your expectations are not being met, you will talk to your attorney about it.

• *Your attorney will discuss the negotiation process with you and will agree to a settlement offer only if you have approved it.*

9. Your attorney will explain to you, in advance, any major expenses anticipated in your legal matter.

10. Your attorney will tell you if other lawyers will be involved in your representation and how the cost to you for their involvement will be calculated.

11. When your fee is not a single, set amount, your attorney will give you periodic billings detailing *your* fees, costs, and expenses.

12. If legal fees will be applied against a settlement, your attorney will provide you with a final statement after the matter is concluded detailing what costs and expenses are being applied against your settlement and the amount you will receive.

You have the right to change attorneys if you are dissatisfied with the representation you are receiving. However, in certain circumstances you will need the court's permission. It is also important for you to know that your attorney may decide to stop representing you. This may be due to your not meeting your obligations to your attorney or for some other reason. This too may require court permission.

This Client's Statement of Rights and Responsibilities is based on the Rhode Island Rules of Professional Conduct for attorneys. If you have any questions about this statement of your rights and obligations, you should contact the Rhode Island Bar Association at (401) 421-5740.



Rhode Island Bar Association
115 Cedar Street • Providence, Rhode Island 02903

*For purposes of compliance with the Rhode Island Supreme Court Rules of Professional Conduct, Rule 1.4 as amended.*

Case Number: PC-2017-3856
Filed in Providence/Bristol County Superior Court
Submitted: 10/11/2017 8:34:35 AM
Envelope: 1232972
Reviewer: Carol M.

Case 1:18-cv-00328-WES   Document 65-3   Filed 11/21/18   Page 9 of 9 PageID #: 2158

# NOTIFICATION TO CLIENTS OF THEIR RIGHTS AND RESPONSIBILITIES

## Preamble

Good communication is essential to an effective attorney-client relationship. A lawyer should be assured that a new or prospective client has a full understanding of the nature of the attorney-client relationship, including what the client can reasonably expect from the lawyer and what the lawyer can reasonably expect from the client. If the client does not have such an understanding, the lawyer shall take reasonable steps to educate the client about the relationship.

The Client's Statements of Rights and Responsibilities set out below is designed to provide an outline of the lawyer's expectations of the client and the client's expectations of the lawyer. The lawyer may use the Client's Statement of Rights and Responsibilities to in-form a new or prospective client of those expectations. The Client's Statement of Rights and Responsibilities is not, however, the exclusive method by which a lawyer might so inform the client.

The Client's Statement of Rights and Responsibilities shall not be used as a basis for litigation or for sanctions or penalties. The Client's Statement of Rights and Responsibilities does not supersede or detract from the Rules of Professional Conduct, nor does the Client's Statement of Rights and Responsibilities alter existing standards of conduct against which lawyer negligence may be determined.

## Application

When a lawyer has not regularly represented a client, the lawyer shall provide the prospective client with a statement of the client's rights and responsibilities. The lawyer shall give this information to the client prior to the signing of a written retainer agreement and shall obtain a signed acknowledgment of its receipt. The rights set forth in this statement are intended to be consistent with the standards mandated by the Rules of Professional Conduct. This statement does not supersede the obligations imposed by the Rules of Professional Conduct, and is intended as an explanation to the client of their rights under the Rules and their responsibilities in the attorney-client relationship. The text of the rules remains authoritative.

## Client's Statement of Rights and Responsibilities

In an attorney/client relationship each party has certain rights. A right that both parties have is to be treated at all times with courtesy and respect. This statement first explains your rights as a client when you hire an attorney, and immediately afterwards what your attorney has the right to expect of you. This statement is intended to promote better communication and prevent misunderstandings between you and *your* attorney.

As the client **in a** legal matter, you have the right to expect that:

1. Your attorney will handle your legal matter competently.

   • *When hiring an attorney you have the right to ask questions about the attorney's education, training, and experience and expect that your attorney will remain current with recent developments in the law that relate to your matter.*

2. Your attorney will charge you a reasonable fee and explain how it will be computed and when payments are expected from you.

   •*If you are not a regular client, your attorney will give you a written statement before, or as soon as the work begins indicating the basis or rate of the fee you will be charged.*

   •*If you are asked to pay a retainer, prior attorney will explain how it will be spent and, if you ask, will provide you with a periodic statement detailing how it has been spent.*

   • *If your attorney is working on a contingent-fee basis, your attorney will put in writing, in advance, what the attorney's percentage will be, whether your will be billed for costs and expenses, and whether deductions will be taken from your settlement prior to calculating the fee.*

3. *Your* attorney will work diligently for you and pursue the lawful means necessary to present or de-fend your case.

4. Your attorney will strive to resolve your legal mat-ter promptly and will inform you if for an reason it cannot be resolved in a timely fashion. .

5. Your attorney will respond to reasonable questions about the progress of your legal matter and will explain office policies to you to ensure satisfactory communication with you, including:

   *'how to reach your attorney.*

   •*when and how your telephone calls will be re-turned.*

   *'how to obtain copies of paper/documents from your legal file.*

6. Your attorney will exercise independent professional judgment on your behalf free from any conflict of interest.

7. Most of your communications with your attorney are confidential. Your attorney will explain to you when the statements you make or secrets you reveal about your case cannot be kept confidential.

8. You have the right to make final decisions regarding your legal matter.