```
                   UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
STEPHEN DEL SESTO, AS RECEIVER AND )
ADMINISTRATOR OF THE ST. JOSEPH    )
HEALTH SERVICES OF RHODE ISLAND    )
RETIREMENT PLAN, ET AL.            )
                                   )
          Plaintiffs,              )
                                   )
     v.                            )   C.A. No. 18-328 WES
                                   )
PROSPECT CHARTERCARE, LLC, ET AL., )
                                   )
          Defendants.              )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is a joint motion pursuant to Rule 23 of the Federal Rules of Civil Procedure seeking preliminary certification of a settlement class, appointment of class counsel, and preliminary approval of a proposed settlement in this action. The motion is brought by Plaintiffs and Defendants CharterCARE Foundation ("CCF"), CharterCARE Community Board ("CCCB"), St. Joseph Health Services of Rhode Island ("SJHSRI"), and Roger Williams Hospital ("RWH") (collectively, "Settling Parties"). Two other groups of parties – the Diocesan Defendants[1] and the Prospect Entities[2]

---

[1] The Diocesan Defendants consist of the Roman Catholic Bishop of Providence, a corporation sole, the Diocesan Administration Corporation, and the Diocesan Service Corporation.

[2] The Prospect Entities consist of Prospect Medical Holdings, Inc.; Prospect East Holdings, Inc.; Prospect Chartercare, LLC;

(collectively, "Non-Settling Parties") – have objected to preliminary approval.

The Court has carefully considered the parties' arguments. For the reasons that follow, the Joint Motion for Settlement Class Certification, Appointment of Class Counsel, and Preliminary Settlement Approval by Plaintiffs and Defendants CharterCARE Foundation, St. Joseph Health Services of Rhode Island, Roger Williams Hospital, and CharterCARE Community Board (ECF No. 77) ("Joint Motion") is GRANTED.

I.  Preliminary Approval Under Rule 23(e)

Rule 23(e)(2) permits the Court to approve a class action settlement only if the proposed agreement is fair, adequate, and reasonable. Fed. R. Civ. P. 23(e)(2); In re Pharma. Indus. Average Wholesale Price Litig., 588 F.3d 24, 32 (1st Cir. 2009). At the preliminary approval stage, however, a less rigorous standard applies: the Court need only determine whether the settlement "appears to fall within the range of possible final approval." Trombley v. Bank of Am. Corp., Civil No. 08-cv-456-jd, 2011 WL 3740488, at *4 (D.R.I. Aug. 24, 2011); see also Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee, 616 F.2d 305, 314 (7th Cir. 1980), overruled in part on other grounds by Felzen v. Andreas,

---

Prospect Chartercare SJHSRI, LLC; and Prospect Chartercare RWMC, LLC.

134 F.3d 873 (7th Cir. 1998). Preliminary approval should not be confused for a final finding of reasonableness or fairness. The first step is merely to "ascertain whether notice of the proposed settlement should be sent to the class . . . ." 4 William B. Rubenstein, Newberg on Class Actions § 13:13 (5th ed. 2018); see also Flynn v. N.Y. Dolls Gentlemen's Club, No. 13 Civ. 6530(PKC)(RLE), 2014 WL 4980380, *1 (S.D.N.Y. Oct. 6, 2014) ("Preliminary approval requires only an initial evaluation of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties.") (quoting Clark v. Ecolab, Inc., No. 07 Civ. 8623(PAC), 04 Civ. 4488(PAC), 06 Civ. 5672(PAC), 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) (quotation marks omitted)).

The Court concludes that preliminary approval is warranted here. The proposed terms of the settlement are set forth in the Settling Parties' settlement agreement, ECF No. 77-2 ("Settlement Agreement"). The gravamen of this proposal is that Plaintiff Stephen Del Sesto[3], as Receiver and Administrator of the St. Joseph Health Services of Rhode Island Retirement Plan ("Plan"), will be transferred $4.5 million for deposit into the Plan assets. See id. at 13. These proceeds will be transferred by CCF and its insurer. See Joint Mot. 8. In exchange, the Plaintiffs and

---

[3] Mr. Del Sesto is also referred to herein as the "Receiver."

Defendants SJHSRI, CCCB, and RWH will release CCF and the Rhode Island Foundation[4] from liability. See Settlement Agreement 13. In addition, the Receiver will transfer to CCF any rights he holds in CCF. See id. On their face, these terms appear fair, reasonable, and adequate with respect to the proposed class, subject to this Order's other terms. See Fed. R. Civ. P. 23(e)(2). The proposed settlement also appears to have been negotiated at arm's length by highly experienced and informed counsel. Accordingly, the Court concludes that the proposed settlement "fall[s] within the range of possible final approval[,]" Trombley, 2011 WL 3740488, at *4, and it therefore qualifies for preliminary approval.

II. Settling Parties' Request for a Good Faith Finding Under R.I. Gen. Laws § 23-17.14-35

In 2018, the Rhode Island General Assembly established certain ground rules for settlements that are unique to this litigation. Those rules are codified in R.I. Gen. Laws § 23-17.14-35, which states:

> The following provisions apply solely and exclusively to judicially approved good-faith settlements of claims relating to the St. Joseph Health Services of Rhode Island retirement plan, also sometimes known as the St. Joseph Health Services of Rhode Island pension plan:
>
> (1) A release by a claimant of one joint tortfeasor, whether before or after

---

[4] The Rhode Island Foundation is a custodian for CCF's investment assets.

4

> judgment, does not discharge the other joint tortfeasors unless the release so provides, but the release shall reduce the claim against the other joint tortfeasors in the amount of the consideration paid for the release.
>
> (2) A release by a claimant of one joint tortfeasor relieves them from liability to make contribution to another joint tortfeasor.
>
> (3) For purposes of this section, a good-faith settlement is one that does not exhibit collusion, fraud, dishonesty, or other wrongful or tortious conduct intended to prejudice the non-settling tortfeasor(s), irrespective of the settling or non-settling tortfeasors' proportionate share of liability.

The Settling Parties have requested that the Court declare the Settlement Agreement to be a "good faith settlement" as defined in this statute. See Joint Mot. 13-14. Such a determination is not required for the Court to grant preliminary approval under Rule 23 and the Court declines to make such a ruling here. The Settling Parties' request is, however, denied without prejudice and may be renewed in connection with any final fairness determination.

### III. Certification of Class, Class Representatives, and Class Counsel

To qualify for preliminary certification, a proposed settlement class must satisfy the requirements of Federal Rule of Civil Procedure Rule 23(a) and one of the three categories in Rule 23(b). See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 621 (1997). Rule

23(a) permits one or more members of a class to represent all class members' interests if

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The Settling Parties also seek certification under Rule 23(b)(1)(B), which requires a demonstration that prosecuting separate actions would risk creating "adjudications with respect to individual class members that . . . would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests[.]" The Court concludes that these criteria have been satisfied.[5]

---

[5] No party has objected to preliminary certification of the class, its representatives, or its counsel on the grounds that they do not satisfy the Rule 23 criteria. As explained below, the Non-Settling Parties' other objections are preserved and will be considered, if asserted, at a later time.

First, there are 2,729 Plan participants, rendering joinder of all members of the proposed settlement class impracticable. See Wistow Decl. Ex. 4 at 22:7, ECF No. 65-4.

Second, the issues raised by Plaintiffs' claims present issues of law and fact common to the class. These include, but are not limited to: (1) the Plan participants' rights under the Plan and whether those rights were violated by any defendant (2) whether SJHSRI, RWH and/or CCF committed fraud or fraudulently transferred assets; and (3) the extent of CCCB's rights in CCF and whether those rights could be transferred to the Receiver as part of another settlement in this litigation.

Third, the claims of the named plaintiffs arise from the same set of events and allegations as those of the other proposed class members. The defendants' conduct also allegedly affected the named plaintiffs in the same manner as the proposed class members. Consequently, the Court finds there is typicality among the proposed class representatives' claims and the claims of the proposed class.

Fourth, the proposed class representatives are aligned with the proposed class members. There is no evidence that named plaintiffs have any interests that conflict with those of other class members. In addition, the retainer agreements for the proposed class counsel sets forth each representative's duty to act fairly and in the best interests of the class and provides that class counsel will not advise or represent any client concerning

7

any dispute about how to allocate any aggregate settlement proceeds. See Wistow Decl. Exs. 12-18. The Court thus concludes that the proposed representatives will fairly and adequately protect the interests of the class.

As for the criteria set forth in Rule 23(b)(1)(B) for so-called "limited fund" class actions, Plaintiffs' claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., are "paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class . . . ." In re Schering Plough Corp. ERISA Litig., 589 F.3d 585, 604 (3d Cir. 2009). The Court agrees with the Plaintiffs that, as a practical matter, the same is true of their non-ERISA claims as they are premised on trust law principles. See, e.g., Meyer v. Citizens & Southern Nat'l Bank, 106 F.R.D. 356, 362 (M.D. Ga. 1985) ("[A]n adjudication either that the Defendant did breach its duty in management of the [trust fund] or that it did not would as a practical matter be dispositive of the interests of all other beneficiaries whose trusts hold participating units in the [trust fund]").

Lastly, the Court recognizes that the proposed class counsel are highly qualified and able to carry out their corresponding duties. Among other things, counsel are experienced in complex litigation, appear to have engaged in significant pre-suit investigation, and presented the proposed settlement to the Rhode Island

Superior Court in related receivership proceedings to obtain that court's required approval.

For the foregoing reasons, the Court preliminarily certifies – for the purposes of this settlement only – the following class: All participants of the St. Joseph Health Services of Rhode Island Retirement Plan ("the Plan"), including (1) all surviving former employees of St. Joseph Health Services of Rhode Island Inc. who are entitled to benefits under the Plan; and all representatives and beneficiaries of deceased former employees of St. Joseph Health Services of Rhode Island Inc. who are entitled to benefits under the Plan. The Court also preliminarily appoints plaintiffs Gail J. Major, Nancy Zompa, Ralph Bryden, Dorothy Willner, Caroll Short, Donna Boutelle, and Eugenia Levesque as settlement class representatives and preliminary appoints Wistow, Sheehan & Loveley, P.C. as class counsel.

IV. Notice to Potential Class Members

Rule 23(e)(1) requires that the Court "direct notice in a reasonable manner to all class members who would be bound by the proposal . . . ." The Court has reviewed the Settling Parties' proposed "Notice of Class Action Partial Settlement," see ECF No. 77-2, Ex. 1 ("Class Notice"), and agrees with class counsel that it summarizes the proposed settlement's terms and the rights of the recipients in sufficiently "plain, easily understood

language." Joint Mot. 37. The Court therefore finds that the form and content of the proposed notice is reasonable and adequate.

V. Objections of Non-Settling Parties

As explained at the outset, the Non-Settling Parties have objected to the Settlement Agreement on several grounds, including but not limited to that:

1. The Plan is subject to ERISA and therefore the Pension Benefit Guaranty Corporation is a necessary party;

2. The federal courts have exclusive jurisdiction over ERISA, thus the Receiver cannot administer the Plan in a state court receivership;

3. As the Receiver's actions are governed by ERISA, any attempt by him to settle under state law is preempted and therefore unlawful;

4. R.I. Gen. Laws § 23-17.14-35 is preempted and/or unconstitutional;

5. Class counsel's proposed attorneys' fees are unreasonable or unsupported.[6]

---

[6] See generally Diocesan Defs.' Resp. in Opp'n to Joint Mot., ECF No. 80; Joint Opp'n of Defs. Prospect Medical Holdings, Inc., Prospect East Holdings, Inc., Prospect Chartercare, LLC, Prospect

10

In granting preliminary approval of the Settlement Agreement, the Court makes no findings, and expressly declines to rule, on the Non-Settling Parties' objections. The Court's preliminary approval of the Settlement Agreement is without prejudice to the Non-Settling Parties' rights to assert their objections at the time of the final fairness hearing pursuant to the terms of this Order.

V. Final Approval Hearing and Related Procedures

In accordance with the foregoing, the Court hereby further ORDERS:

1. On August 29, 2019, at 10:00 a.m. in Courtroom 3 of the United States District Court for the District of Rhode Island, One Exchange Terrace, Providence, Rhode Island, or at such other date and time later set by Court order, this Court will hold a final approval hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement to determine whether (i) final approval of settlement as embodied by the Settlement Agreement should be granted, and (ii) Plaintiffs' counsel's application for attorneys' fees for representing the settlement class should be granted, and if so, in what amount.

---

Chartercare SJHSRI, LLC, and Prospect Chartercare RWMC, LLC, ECF No. 81.

2. No later than August 15, 2019, which is fourteen (14) days prior to the final approval hearing, Plaintiffs must file papers in support of final class action approval of the Settlement Agreement and respond to any written objections.

3. The Settling Parties other than the Plaintiffs may (but are not required to) file papers in support of final class action approval of the Settlement Agreement, so long as they do so no later than August 15, 2019.

4. The Non-Settling Parties may (but are not required to) file papers in opposition or in support of final class action approval of the Settlement Agreement, so long as they do so no later than August 15, 2019.

5. The Court approves the proposed notice plan set forth in the Settlement Agreement and its exhibits for giving notice to the settlement class (i) directly, by first class mail, per the Class Notice attached to the Settlement Agreement as Exhibit 1; and (ii) by publishing the Joint Motion with all exhibits thereto, including but not limited to the Settlement Agreement, on the website maintained by the Receiver as more fully described in the Settlement Agreement. The Court hereby directs the Settling Parties, and specifically the Receiver, to complete all aspects of the notice plan no later than May 31, 2019, in accordance with the terms of the Settlement Agreement.

6. The Settling Defendants will file with the Court by no later than August 15, 2019, which is fourteen (14) days prior to the final fairness hearing, proof that the Class Notice was provided by any Settling Parties to the appropriate state and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, if required.

7. Members of the preliminarily-approved settlement class do not have the right to exclude themselves or "opt-out" of the settlement. Consequently, all settlement class members will be bound by all determinations and judgments concerning the Settlement Agreement.

8. Settlement class members who wish to object to Settlement Agreement or to Plaintiffs' Counsel's Motion for Award of Attorneys' Fees, must do so by the July 30, 2019 (the "Objection Deadline") which is sixty (60) calendar days after the deadline for notice to be sent pursuant to this Order.

9. To object to the Settlement Agreement, or to Plaintiffs' Counsel's Motion for Award of Attorneys' Fees, settlement class members must follow the directions in the Class Notice and file a written objection with the Court by the Objection Deadline. In a written objection, a settlement class member must state his or her full name, address, and home or cellular telephone number(s), pursuant to which the settlement class member may be contacted. The member must also state the reasons for the member's objection, and

whether the member intends to appear at the final fairness hearing on his or her own behalf or through counsel. Any documents supporting the objection must also be attached to the objection. Any and all objections shall identify any attorney that assisted or provided advice as to the case or such objection. No objection will be considered unless all the information described above is included. Copies of all papers filed with the Court must be simultaneously delivered to counsel for all parties by mail utilizing the United States Postal Service First Class Mail, to the addresses listed in the Class Notice, or by email to the email addresses listed in the Class Notice.

10. If a settlement class member does not submit a written comment on the proposed Settlement Agreement or the application of Class Counsel for attorneys' fees in accordance with the deadline and procedure set forth in the Class Notice and this Order, and if the settlement class member wishes to appear and be heard at the final fairness hearing, the settlement class member must file a notice of intention to appear with the Court and serve a copy upon counsel for all parties in the manner provided in Paragraph 9, no later than the Objection Deadline, and comply with all other requirements that may be established by the Court for such an appearance.

11. Any settlement class member who fails to timely file a written objection with the Court and notice of his or her intent

to appear at the final fairness hearing in accordance with the terms of this Order and as detailed in the Class Notice, and who fails at the same time to provide copies to counsel for all parties, shall not be permitted to object to the Settlement Agreement or to Plaintiffs' Counsel's Motion for Award of Attorneys' Fees at the final fairness hearing; shall be foreclosed from seeking any review of the Settlement Agreement by appeal or other means; shall be deemed to have waived the member's objections; and shall be forever barred from making any such objections.  All members of the settlement class will be bound by all determinations and judgments in this action, whether favorable or unfavorable to the settlement class.

12.  If the Settlement Agreement is not approved or consummated for any reason whatsoever, the Settlement Agreement and all proceedings in connection with the Settlement Agreement will be without prejudice to the right of all parties to assert any right or position that could have been asserted as if the Settlement Agreement had never been reached or proposed to the Court.  In such an event, the Settling Parties will return to the status quo ante in this action and the certification of the preliminarily approved settlement class will be deemed vacated. The certification of the class for settlement purposes will not be considered as a factor in connection with any subsequent class certification decision.

13. Counsel for the Settling Parties are hereby authorized to use all reasonable procedures in connection with the approval and administration the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice, and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the Settling Parties without further notice to the members of the settlement class.

VI. Conclusion

For the forgoing reasons, the Joint Motion for Settlement Class Certification, Appointment of Class Counsel, and Preliminary Settlement Approval by Plaintiffs and Defendants CharterCARE Foundation, St. Joseph Health Services of Rhode Island, Roger Williams Hospital, and CharterCARE Community Board (ECF No. 77) (ECF No. 77) is GRANTED.

IT IS SO ORDERED.

_/s/ William E. Smith_
William E. Smith
Chief Judge
Date: May 17, 2019