```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
STEPHEN DEL SESTO, AS RECEIVER AND  )
ADMINISTRATOR OF THE ST. JOSEPH     )
HEALTH SERVICES OF RHODE ISLAND     )
RETIREMENT PLAN, ET AL.             )
                                    )
          Plaintiffs,               )
                                    )
     v.                             )   C.A. No. 18-328 WES
                                    )
PROSPECT CHARTERCARE, LLC, ET AL.,  )
                                    )
          Defendants.               )
_____)
```

### MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is a joint motion pursuant to Rule 23 of the Federal Rules of Civil Procedure seeking preliminary certification of a settlement class, appointment of class counsel, and preliminary approval of a proposed settlement in this action. The motion is brought by Plaintiffs and Defendants CharterCARE Community Board ("CCCB"), St. Joseph Health Services of Rhode Island ("SJHSRI"), and Roger Williams Hospital ("RWH") (collectively, "Settling Parties").[1] Two other groups of parties – the

---

[1] CCCB, SJHSRI, and RWH are also referred to in this Order as the "Settling Defendants."

Diocesan Defendants[2] and the Prospect Entities[3] (collectively, "Non-Settling Parties") – have objected to preliminary approval and moved for discovery concerning whether the proposed settlement was the product of good-faith negotiations. See Joint Mot. for Leave to Propound Limited Disc. Related to the Settlement Agreement Between Pls. & CharterCARE Community Board, ECF No. 103.

For the reasons that follow, the Joint Motion for Settlement Class Certification, Appointment of Class Counsel, and Preliminary Settlement Approval by Plaintiffs and Defendants SJHSRI, RWH, and CCCB (ECF No. 63) ("Joint Mot.") is GRANTED. The Joint Motion for Leave to Propound Limited Discovery Relating to Settlement Between Plaintiffs and CCCB (ECF No. 103) is also GRANTED.

I.  Preliminary Approval Under Rule 23(e)

Rule 23(e)(2) permits the Court to approve a class action settlement only if the proposed agreement is fair, adequate, and reasonable. Fed. R. Civ. P. 23(e)(2); In re Pharma. Indus. Average Wholesale Price Litig., 588 F.3d 24, 32 (1st Cir. 2009). At the

---

[2] The Diocesan Defendants consist of the Roman Catholic Bishop of Providence, a corporate sole, the Diocesan Administration Corporation, and the Diocesan Service Corporation.

[3] The Prospect Entities consist of Prospect Medical Holdings, Inc.; Prospect East Holdings, Inc.; Prospect Chartercare, LLC; Prospect Chartercare SJHSRI, LLC; and Prospect Chartercare RWMC, LLC.

2

preliminary approval stage, however, a less rigorous standard applies: the Court need only determine whether the settlement "appears to fall within the range of possible final approval." Trombley v. Bank of Am. Corp., Civil No. 08-cv-456-jd, 2011 WL 3740488, at *4 (D.R.I. Aug. 24, 2011); see also Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee, 616 F.2d 305, 314 (7th Cir. 1980), overruled in part on other grounds by Felzen v. Andreas, 134 F.3d 873 (7th Cir. 1998). Preliminary approval should not be confused for a final finding of reasonableness or fairness. The first step is merely to "ascertain whether notice of the proposed settlement should be sent to the class . . . ." 4 William B. Rubenstein, Newberg on Class Actions § 13:13 (5th ed. 2018); see also Flynn v. N.Y. Dolls Gentlemen's Club, No. 13 Civ. 6530(PKC)(RLE), 2014 WL 4980380, at *1 (S.D.N.Y. Oct. 6, 2014) ("Preliminary approval requires only an initial evaluation of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties.") (quoting Clark v. Ecolab, Inc., No. 07 Civ. 8623(PAC), 04 Civ. 4488(PAC), 06 Civ. 5672(PAC), 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) (quotation marks omitted)).

The Court concludes that preliminary approval is warranted here. The proposed terms of the settlement are set forth in the Settling Parties' settlement agreement, ECF No. 63-2 ("Settlement Agreement"). The basic terms of this proposal provide that the

Settling Defendants will make an initial lump sum payment of at least $11,150,000 to the Receiver. RHW will also assign to the Receiver its interest in an escrow account held by the Rhode Island Department of Labor and Training with a current balance of $750,000. CCCB will transfer to the Receiver its interest in non-settling defendant CharterCARE Foundation as well as its membership interest in non-settling defendant Prospect CharterCARE. The Settling Defendants are also required to petition the Rhode Island Superior Court to undergo judicial liquidations, pursuant to which their remaining assets will be distributed to creditors, including the Plaintiffs. For these undertakings, the Settling Defendants will receive releases of liability.[4] The Plaintiffs and the proposed settlement class will also release the current officers and directors of the Settling Defendants, with one exception.

The Non-Settling Parties sound alarms about many of the Settlement Agreement's terms and what those terms may (or may not) reveal about the character of the Settling Parties' negotiations. For instance, the Settlement Agreement includes two surprising concessions by the Settling Defendants, who admit liability for breach of contract and represent that the amount necessary to fund the St. Joseph Health Services Of Rhode Island Retirement Plan

---

[4] Certain categories of claims are excepted from these releases. See, e.g., Settlement Agreement Ex. 9 at 2 (defining excepted claims).

4

("Plan") is at least $125,000,000. Settlement Agreement ¶ 28. The Settling Defendants also purport to represent that "their proportionate fault in tort, if any, in causing [alleged] damages is small compared to the proportionate fault of the other defendants . . . ." Id. at ¶ 30. The Non-Settling Parties contend, among other objections, that these statements demonstrate wrongful collusion. See, e.g., Diocesan Defs.' Opp'n to Joint Mot. 13, ECF No. 73.

The Court has considered the Non-Settling Parties' arguments and nevertheless concludes that preliminary approval is warranted. On their face, the fundamental terms of the settlement appear fair, reasonable, and adequate with respect to the proposed class, subject to this Order's other terms. See Fed. R. Civ. P. 23(e)(2). Some proposed terms may cause a cautious reader to raise an eyebrow.[5] However, these statements could also reflect an arm's length negotiation by experienced and informed counsel. As explained below, some further investigation is warranted, but the Court is satisfied that the Settlement Agreement "fall[s] within the range of possible final approval[,]" Trombley, 2011 WL 3740488, at *4.[6]

---

[5] Notably, however, the Settling Defendants' statements about alleged liability or damages would in no way bind this Court or the Non-Settling Parties in any future proceeding.

[6] No party has objected to preliminary certification of the class, its representatives, or its counsel on the grounds that they do not satisfy the Rule 23 criteria. As explained below, the

5

II. Settling Parties' Request for a Good Faith Finding Under R.I. Gen. Laws § 23-17.14-35

In 2018, the Rhode Island General Assembly established certain ground rules for settlements that are unique to this litigation. Those rules are codified in R.I. Gen. Laws § 23-17.14-35, which states:

> The following provisions apply solely and exclusively to judicially approved good-faith settlements of claims relating to the St. Joseph Health Services of Rhode Island retirement plan, also sometimes known as the St. Joseph Health Services of Rhode Island pension plan:
>
> (1) A release by a claimant of one joint tortfeasor, whether before or after judgment, does not discharge the other joint tortfeasors unless the release so provides, but the release shall reduce the claim against the other joint tortfeasors in the amount of the consideration paid for the release.
>
> (2) A release by a claimant of one joint tortfeasor relieves them from liability to make contribution to another joint tortfeasor.
>
> (3) For purposes of this section, a good-faith settlement is one that does not exhibit collusion, fraud, dishonesty, or other wrongful or tortious conduct intended to prejudice the non-settling tortfeasor(s), irrespective of the

---

Non-Settling Parties' other objections are preserved and will be considered, if asserted, at a later time.

6

>   settling or non-settling tortfeasors'
>   proportionate share of liability.

The Settling Parties have requested that the Court declare the Settlement Agreement to be a "good faith settlement" as defined in this statute. See Mem. In Supp. of Joint Mot. 2, ECF No. 63-1. Such a determination is not required for the Court to grant preliminary approval under Rule 23 and the Court declines to make such a ruling here.[7] The Settling Parties' request is, however, denied without prejudice and may be renewed in connection with any final fairness determination.

III. The Prospect Entities' Request for Discovery

The parties have collectively put the good-faith nature of the proposed settlement at issue in this action. The Non-Settling Parties' have identified specific terms in the Settlement Agreement that they interpret as evidence of collusive conduct between the Settling Parties. These terms include the Settling Defendants' concessions of liability and damages and their characterization of the defendants' relative degrees of fault. See Settlement Agreement ¶¶ 28, 30. The Settling Parties have also put the circumstances surrounding the settlement front-and-center through their request for a finding under R.I. Gen. Laws § 23-17.14-35.

---

[7] The Court reached the same conclusion concerning the settlement granted preliminary approval in this action on May 17, 2019. See Mem. & Order, ECF No. 123.

This context, combined with the Court's independent obligation to determine whether the proposed settlement was the product of "non-collusive negotiations," see Trombley, 2011 WL 3740488, at *4, persuades the Court that the Prospect Entities' request for targeted discovery is appropriate. Accordingly, the Court will permit the parties sixty days from the date of the entry of this order to conducted limited discovery concerning whether the settlement was executed in good faith and is not collusive in accordance with Rule 23 of the Federal Rules of Civil Procedure and R.I. Gen. Laws § 23-17.14-35.[8]

Accordingly, parties may propound targeted document requests and notice the depositions of persons with relevant knowledge. The Court will neither indulge unfettered exploration nor tolerate time-consuming stonewalling. Any discovery request shall be narrowly tailored to the subject at hand. The Court expects that any investigation will be pursued cooperatively, expeditiously, and with precision within the allotted time.[9]

---

[8] Although the Prospect Entities were the source of this request, the Court will permit any party to engage in such discovery. The Court nevertheless encourages any party seeking discovery to coordinate with other parties in this litigation to minimize any duplication of effort and to streamline these proceedings.

[9] Any discovery disputes will be subject to informal resolution pursuant to the Court's prior notice of the same. See Notice Regarding Discovery Disputes (Jan. 11, 2019), available at https://www.rid.uscourts.gov/notices

IV. Certification of Class, Class Representatives, and Class Counsel

To qualify for preliminary certification, a proposed settlement class must satisfy the requirements of Federal Rule of Civil Procedure Rule 23(a) and one of the three categories in Rule 23(b). See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 621 (1997). Rule 23(a) permits one or more members of a class to represent all class members' interests if

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class;(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The Settling Parties also seek certification under Rule 23(b)(1)(B), which requires a demonstration that prosecuting separate actions would risk creating "adjudications with respect to individual class members that . . . would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests[.]" The Court concludes that these criteria have been satisfied.

9

First, there are 2,729 Plan participants, rendering joinder of all members of the proposed settlement class impracticable. See Wistow Decl. Ex. 4 at 22:7, ECF No. 65-4.

Second, the issues raised by Plaintiffs' claims present issues of law and fact common to the class. These include, but are not limited to: (1) when and whether the Plan became subject to ERISA; (2) a determination of the Plan participants' rights and any defendants' obligations under the Plan and whether any participant's rights were violated by any defendant; (3) whether any defendant committed fraud, engaged in the fraudulent transfer of assets, or participated in an unlawful civil conspiracy; and (4) whether any defendant violated the Hospital Conversions Act, R.I. Gen. Laws § 23-17.14 et seq.

Third, the claims of the named plaintiffs arise from the same set of events and allegations as those of the other proposed class members. The defendants' conduct also allegedly affected the named plaintiffs in the same manner as the proposed class members. Consequently, the Court finds there is typicality among the proposed class representatives' claims and the claims of the proposed class.

Fourth, the proposed class representatives are aligned with the proposed class members. There is no evidence that named plaintiffs have any interests that conflict with those of other class members. In addition, the retainer agreements for the

proposed class counsel sets forth each representative's duty to act fairly and in the best interests of the class and provides that class counsel will not advise or represent any client concerning any dispute about how to allocate any aggregate settlement proceeds. See Wistow Decl. Exs. 12-18. The Court thus concludes that the proposed representatives will fairly and adequately protect the interests of the class.

As for the criteria set forth in Rule 23(b)(1)(B) for so-called "limited fund" class actions, Plaintiffs' claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., are "paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class . . . ." In re Schering Plough Corp. ERISA Litig., 589 F.3d 585, 604 (3d Cir. 2009). Here, the Plan participants seek relief that would make the Plan whole rather than a remedy for an injury to any individual participant. See Colesberry v. Ruiz Food Prods., Inc., No. CV F 04-5516 AWI SMS, 2006 WL 1875444, at *4 (E.D. Cal. June 30, 2006) ("If one plaintiff succeeds in obtaining a judgment that requires the Defendants to pay damages to the Plan, the benefit would affect everyone who has a right to disbursements from the Plan. Thus, the proposed class clearly falls within Rule 23(b)(1)(B) . . ."). The Court also agrees with the Plaintiffs that, even if Plan was not governed by ERISA during the relevant period, this is a classic "limited fund" action. See Ortiz v. Fibreboard Corp., 527 U.S.

815, 838 (1999) (outlining characteristics of Rule 23(b)(1)(B) class actions).

Lastly, the Court recognizes that the proposed class counsel are highly qualified and able to carry out their corresponding duties. Among other things, counsel are experienced in complex litigation, appear to have engaged in significant pre-suit investigation, and presented the proposed settlement to the Rhode Island Superior Court in related receivership proceedings to obtain that court's required approval.

For the foregoing reasons, the Court preliminarily certifies, for the purposes of this settlement only, the following class: All participants of the St. Joseph Health Services of Rhode Island Retirement Plan, including (1) all surviving former employees of St. Joseph Health Services of Rhode Island Inc. who are entitled to benefits under the Plan; and all representatives and beneficiaries of deceased former employees of St. Joseph Health Services of Rhode Island Inc. who are entitled to benefits under the Plan. The Court also preliminarily appoints plaintiffs Gail J. Major, Nancy Zompa, Ralph Bryden, Dorothy Willner, Caroll Short, Donna Boutelle, and Eugenia Levesque as settlement class representatives and preliminary appoints Wistow, Sheehan & Lovley, P.C. as class counsel.

V. Notice to Potential Class Members

Rule 23(e)(1) requires that the Court "direct notice in a

reasonable manner to all class members who would be bound by the proposal . . . ." The Court has reviewed the Settling Parties' proposed "Notice of Class Action Partial Settlement," ECF No. 63-2, Ex. 1 ("Class Notice"), and agrees with class counsel that it summarizes the proposed settlement's terms and the rights of the recipients in sufficiently "plain, easily understood language." Mem. In Supp. of Joint Mot. 67. The Court therefore finds that the form and content of the proposed notice is reasonable and adequate.

VI. Objections of Non-Settling Parties

As explained at the outset, the Non-Settling Parties have objected to the Settlement Agreement on several grounds, including but not limited to that:

1. The Plan is subject to ERISA and therefore the Pension Benefit Guaranty Corporation is a necessary party;

2. The federal courts have exclusive jurisdiction over ERISA, thus the Receiver cannot administer the Plan in a state court receivership;

3. As the Receiver's actions are governed by ERISA, any attempt by him to settle under state law is preempted and therefore unlawful;

4. R.I. Gen. Laws § 23-17.14-35 is preempted and/or unconstitutional; and

> 5. Class counsel's proposed attorneys' fees are unreasonable or unsupported.[10]

In granting preliminary approval of the Settlement Agreement, the Court makes no findings, and expressly declines to rule, on the Non-Settling Parties' objections. The Court's preliminary approval of the Settlement Agreement is <u>without prejudice</u> to the Non-Settling Parties' rights to assert their objections at the time of the final fairness hearing pursuant to the terms of this Order.

VII. Final Approval Hearing and Related Procedures

In accordance with the foregoing, the Court hereby further ORDERS:

1. On September 10, 2019, at 10:00 a.m. in Courtroom 2 of the United States District Court for the District of Rhode Island, One Exchange Terrace, Providence, Rhode Island, or at such other date and time later set by Court order, this Court will hold a final approval hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement to determine whether (i) final approval of settlement as embodied by the Settlement Agreement should be granted, and (ii) Plaintiffs' counsel's application for attorneys' fees for representing the settlement

---

[10] Diocesan Defs.' Resp. in Opp'n to Joint Mot., ECF No. 73; Joint Opp'n of Prospect Entities to Joint Mot., ECF No. 75.

class should be granted, and if so, in what amount.

2. No later than August 27, 2019, which is fourteen (14) days prior to the final approval hearing, Plaintiffs must file papers in support of final class action approval of the Settlement Agreement and respond to any written objections.

3. The Settling Parties other than the Plaintiffs may (but are not required to) file papers in support of final class action approval of the Settlement Agreement, so long as they do so no later than August 27, 2019.

4. The Non-Settling Parties may (but are not required to) file papers in opposition or in support of final class action approval of the Settlement Agreement, so long as they do so no later than August 27, 2019.

5. The Court approves the proposed notice plan set forth in the Settlement Agreement and its exhibits for giving notice to the settlement class (i) directly, by first class mail, per the Class Notice attached to the Settlement Agreement as Exhibit 1; and (ii) by publishing the Joint Motion with all exhibits thereto, including but not limited to the Settlement Agreement, on the website maintained by the Receiver as more fully described in the Settlement Agreement. The Court hereby directs the Settling Parties, and specifically the Receiver, to complete all aspects of the notice plan no later than July 1, 2019, in accordance with the terms of the Settlement Agreement.

6. The Settling Defendants will file with the Court by no later than August 27, 2019, which is fourteen (14) days prior to the final fairness hearing, proof that the Class Notice was provided by any Settling Parties to the appropriate state and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, if required.

7. Members of the preliminarily-approved settlement class do not have the right to exclude themselves or "opt-out" of the settlement. Consequently, all settlement class members will be bound by all determinations and judgments concerning the Settlement Agreement.

8. Settlement class members who wish to object to Settlement Agreement or to Plaintiffs' Counsel's Motion for Award of Attorneys' Fees, must do so by the August 30, 2019 (the "Objection Deadline") which is sixty (60) calendar days after the deadline for notice to be sent pursuant to this Order.

9. To object to the Settlement Agreement, or to Plaintiffs' Counsel's Motion for Award of Attorneys' Fees, settlement class members must follow the directions in the Class Notice and file a written objection with the Court by the Objection Deadline. In a written objection, a settlement class member must state his or her full name, address, and home or cellular telephone number(s), pursuant to which the settlement class member may be contacted. The member must also state the reasons for the

member's objection, and whether the member intends to appear at the final fairness hearing on his or her own behalf or through counsel. Any documents supporting the objection must also be attached to the objection. Any and all objections shall identify any attorney that assisted or provided advice as to the case or such objection. No objection will be considered unless all the information described above is included. Copies of all papers filed with the Court must be simultaneously delivered to counsel for all parties by mail utilizing the United States Postal Service First Class Mail, to the addresses listed in the Class Notice, or by email to the email addresses listed in the Class Notice.

10. If a settlement class member does not submit a written comment on the proposed Settlement Agreement or the application of Class Counsel for attorneys' fees in accordance with the deadline and procedure set forth in the Class Notice and this Order, and if the settlement class member wishes to appear and be heard at the final fairness hearing, the settlement class member must file a notice of intention to appear with the Court and serve a copy upon counsel for all parties in the manner provided in Paragraph 9, no later than the Objection Deadline, and comply with all other requirements that may be established by the Court for such an appearance.

11. Any settlement class member who fails to timely file

a written objection with the Court and notice of his or her intent to appear at the final fairness hearing in accordance with the terms of this Order and as detailed in the Class Notice, and who fails at the same time to provide copies to counsel for all parties, shall not be permitted to object to the Settlement Agreement or to Plaintiffs' Counsel's Motion for Award of Attorneys' Fees at the final fairness hearing; shall be foreclosed from seeking any review of the Settlement Agreement by appeal or other means; shall be deemed to have waived the member's objections; and shall be forever barred from making any such objections. All members of the settlement class will be bound by all determinations and judgments in this action, whether favorable or unfavorable to the settlement class.

12. If the Settlement Agreement is not approved or consummated for any reason whatsoever, the Settlement Agreement and all proceedings in connection with the Settlement Agreement will be without prejudice to the right of all parties to assert any right or position that could have been asserted as if the Settlement Agreement had never been reached or proposed to the Court. In such an event, the Settling Parties will return to the status quo ante in this action and the certification of the preliminarily approved settlement class will be deemed vacated. The certification of the class for settlement purposes will not be considered as a factor in connection with any

subsequent class certification decision.

13. Counsel for the Settling Parties are hereby authorized to use all reasonable procedures in connection with the approval and administration the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice, and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the Settling Parties without further notice to the members of the settlement class.

VI. Conclusion

For the forgoing reasons, the Joint Motion for Settlement Class Certification, Appointment of Class Counsel, and Preliminary Approval by Plaintiffs and Defendants SJHSRI, RWH, and CCCB (ECF No. 63) ("Joint Mot.") is GRANTED. The Joint Motion for Leave to Propound Limited Discovery Related to the Settlement Agreement Between Plaintiffs and CCCB (ECF No. 103) is also GRANTED. All parties shall have sixty days from the date of this Order to propound and complete any discovery in accordance with the terms set forth above.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: June 6, 2019