UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
STEPHEN DEL SESTO, AS RECEIVER AND )
ADMINISTRATOR OF THE ST. JOSEPH    )
HEALTH SERVICES OF RHODE ISLAND    )
RETIREMENT PLAN, ET AL.            )
                                   )
          Plaintiffs,              )   C.A. No. 18-328 WES
                                   )
     v.                            )
                                   )
PROSPECT CHARTERCARE, LLC, ET AL., )
                                   )
          Defendants.              )
_____)

## ORDER APPOINTING SPECIAL MASTER

WHEREAS, Plaintiff Stephen Del Sesto (the "Receiver"), as receiver and administrator of the St. Joseph Health Services of Rhode Island Retirement Plan, Named Plaintiffs Gail J. Major, Nancy Zompa, Ralph Bryden, Dorothy Willner, Caroll Short, Donna Boutelle, and Eugenia Levesque, individually and on behalf of all others similarly situated, and Defendants St. Joseph Health Services of Rhode Island ("SJHSRI"), Roger Williams Hospital ("RWH"), CharterCARE Community Board ("CCCB"), and CharterCARE Foundation ("CCF") (collectively, the "Settling Defendants"), have reached two separate settlement agreements[1] in this matter;

---

[1] Plaintiffs and Defendants SJHSRI, RWH, and CCCB are parties to "Settlement A." Plaintiffs and Defendants SJHSRI, RWH, CCCB, and CCF are parties to "Settlement B."

1

WHEREAS, Plaintiffs have filed motions for attorneys' fees in connection with both settlements, ECF Nos. 64 and 78;

WHEREAS, the Diocesan Defendants[2] and the Prospect Entities[3] (collectively, the "Non-Settling Defendants") have filed objections to the approval of the settlements and fee requests; and

The Court has determined that the appointment of a Special Master is necessary to carefully and efficiently review the fee requests and objections thereto, and Plaintiffs, Settling Defendants, and Non-Settling Defendants have all consented[4] to the appointment of a Special Master,

IT IS ORDERED THAT:

I. **Appointment and No Grounds for Disqualification**

   1. **Deming Sherman** is hereby appointed to serve as Special Master in this matter pursuant to Federal Rule of Civil Procedure 53(a).

---

[2] The Diocesan Defendants consist of the Roman Catholic Bishop of Providence, a corporation sole, the Diocesan Administration Corporation, and the Diocesan Service Corporation.

[3] The Prospect Entities include Prospect CharterCARE, LLC, Prospect CharterCARE SJHSRI, LLC, Prospect CharterCARE RWMC, LLC, Prospect East Holdings, Inc., and Prospect Medical Holdings, Inc.

[4] The Court gave the parties notice of its intent to appoint a special master to review the fee motions at a hearing on August 29, 2019. The parties indicated at that time that they had no objection to the appointment of a special master.

2. The Special Master's appointment will become effective upon his filing an affidavit disclosing that there are no grounds for disqualification under 28 U.S.C. § 455, pursuant to Fed. R. Civ. P. 53(a)(2) and (b)(3), and shall continue until the Court terminates the appointment. If there are no grounds for disqualification or if all grounds for disqualification have been waived pursuant to Fed. R. Civ. P. 53(a)(2), the Special Master is directed to proceed with all reasonable diligence to complete the duties assigned by this Order.

3. If, during the course of this matter, the Special Master or the parties become aware of any potential grounds that would require disqualification, the Special Master or the parties shall notify the Court immediately.

## II. Accountability to the Court

4. The Special Master will be accountable only to the Court and will not be supervised by Plaintiffs or Defendants. The Special Master will be independent from Plaintiffs and Defendants. In the course of his work, the Special Master may consult with counsel for the Plaintiffs, the Settling Defendants, the Non-Settling Defendants, and any other person the Special Master deems necessary to perform the scope of his duties.

**III. Limited Scope of the Special Master**

5. The role of the Special Master is limited. The Special Master's objective is to review the motions for attorneys' fees and make a recommendation as to those requests. The Special Master is directed to review the attorney fee motions, ECF Nos. 64 and 78, the objections, the declarations related thereto, and any other document the Special Master deems necessary to perform the scope of his duties.

**IV. Authority and Duties**

6. Pursuant to Rule 53(c), the Special Master may:

   a. Request documents be produced from a party to the extent the Special Master deems it necessary to perform the scope of his duties. The parties reserve the right to object to the production of documents and/or electronically stored information on privilege or other grounds articulated under Fed. R. Civ. P. 26 and 34. Objections shall be considered by the Special Master and ruled upon. Any order on discovery shall be appealable to the District Court Judge in accord with Fed. R. Civ. P. 53(f)(2). Any documents produced shall be produced only to the Special Master.

   b. Communicate ex parte with the Court or any party in

accordance with this Order and Fed. R. Civ. P. 53(b)(2)(B). Generally, the Special Master shall not have ex parte communications with any party without first providing notice to the other parties.

c. Issue reports and/or recommendations concerning the requests for attorneys' fees to be filed with the Court and shared with the parties in accordance with Rule 53(e).

   i. Any report or recommendation shall comport with the law in the First Circuit concerning attorney fee awards.

   ii. Any party wishing to respond to or object to any Special Master report, statement and/or recommendation must file such response or objection with the Court within seven (7) days from the day the Special Master files the report, statement and/or recommendation via ECF. Any opposition shall be filed within five (5) days after the objection is filed.

   iii. Pursuant to Fed. R. Civ. P. 53(f)(1), in acting on a report or recommendation of the Special Master, the Court shall afford the parties an opportunity to present their

positions, and may adopt or affirm; modify; wholly or partly reject; resubmit to the Special Master with instructions; or make any order it deems appropriate. The standards of review contained in Fed. R. Civ. P. 53(f)(3)-(5) shall apply.

d. To the extent the Special Master determines that he requires the services of clerical staff, consultants, and experts to assist him in his work, the Special Master shall inform the parties of the following:

   i. The identity of the person who will provide such services;
   ii. The nature of the services; and
   iii. The anticipated costs.
   
   1. Any party shall have five (5) days to object to the retention of any such services. If neither side objects, the Special Master may retain the services in question.
   2. If a party objects and the objection cannot be resolved by the Special Master, the objecting party may present its objection to the Court no later than five

> (5) days after the Special Master has made a final decision on the retention of services.

7. The Special Master must maintain orderly files consisting of all documents submitted to him by the parties and of any of his written findings and/or recommendations.

**V. Term**

8. The term of the Special Master shall end when he has filed his report(s) with the Court and the Court terminates the appointment.

**VI. Compensation**

9. Pursuant to Rule 53(a)(3), the Court is to consider the fairness of imposing the likely expense of the Special Master on the parties and protect against unreasonable expense or delay.  Consequently, the Special Master shall provide the Court and the parties a proposed hourly compensation rate consistent with Rhode Island rates, and within twenty (20) days of appointment, an estimated budget including projected time required, out-of-pocket expenses, anticipated resources, etc.  The Special Master may not charge for travel time. The parties shall have five (5) days to object or comment on the proposed budget.  After considering any objections, the Court

shall approve the proposed compensation and budget, subject to modification necessary to comply with Rule 53(a)(3).

10. The costs of the Special Master shall be borne by the Settling Defendants.

**VII. Amendments**

11. Pursuant to Fed. R. Civ. P. 53(b)(4), this Order may be amended at any time after notice to the parties and an opportunity to be heard.

**VIII. Rights**

12. Nothing in this Order shall be construed as abrogating any of the parties' appellate rights.

IT IS SO ORDERED.

/s/ William E. Smith
―――――――――――――――
William E. Smith
Chief Judge
Date: September 5, 2019