```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
STEPHEN DEL SESTO, AS RECEIVER AND  )
ADMINISTRATOR OF THE ST. JOSEPH     )
HEALTH SERVICES OF RHODE ISLAND     )
RETIREMENT PLAN, ET AL.             )
                                    )
         Plaintiffs,                )
                                    )   C.A. No. 18-328 WES
    v.                              )
                                    )
PROSPECT CHARTERCARE, LLC, ET AL.,  )
                                    )
         Defendants.                )
_____)
```

## **MEMORANDUM OF DECISION**

WILLIAM E. SMITH, Chief Judge.

Before the Court is a request for final approval of a settlement reached between Plaintiff Stephen Del Sesto ("Receiver"), as state appointed receiver and administrator of the St. Joseph Health Services of Rhode Island Retirement Plan ("Plan"), Named Plaintiffs Gail J. Major, Nancy Zompa, Ralph Bryden, Dorothy Willner, Caroll Short, Donna Boutelle, and Eugenia Levesque, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), and Defendants St. Joseph Health Services of Rhode Island ("SJHSRI"), Roger Williams Hospital ("RWH"), CharterCARE Community Board ("CCCB"), and CharterCARE Foundation ("CCF")(collectively, the "Settling Defendants"). Two

1

groups of defendants -- the Diocesan Defendants[1] and the Prospect Entities[2] (collectively, the "Non-Settling Defendants") -- object to approval of the settlement.

Following preliminary approval of the settlement, a fairness hearing was held on August 29, 2019. At the conclusion of that hearing, the Court GRANTED final approval of the settlement. See Docket Min. Entry for Aug. 29, 2019. This memorandum addresses the reasons for the Court's decision and also certifies the class, class representatives, and class counsel.[3]

I. Background

This action stems from alleged underfunding of a retirement plan for nurses and other hospital workers employed by SJHSRI. Am. Compl. ¶ 54, ECF No. 60. According to the amended complaint, the Plan, which has 2,729 participants, is insolvent. Id. After the Plan was placed into receivership in 2017, the Receiver and several named participants, individually and on behalf of a purported class of plan participants, filed a twenty-three-count

---

[1] The Diocesan Defendants consist of the Roman Catholic Bishop of Providence, a corporation sole, the Diocesan Administration Corporation, and the Diocesan Service Corporation.
[2] The Prospect Entities include Prospect CharterCARE, LLC, Prospect CharterCARE SJHSRI, LLC, Prospect CharterCARE RWMC, LLC, Prospect East Holdings, Inc., and Prospect Medical Holdings, Inc.
[3] This memorandum addresses only the merits of this settlement agreement. Plaintiffs' Motion for Attorneys' Fees in connection with the settlement, ECF No. 78, is currently being reviewed by the Special Master appointed by the Court on September 5, 2019. See Order Appointing Special Master, ECF No. 152.

2

complaint in this Court against several defendants, alleging violations of the Employee Retirement Income Security Act ("ERISA") for failure to meet minimum funding requirements and breach of fiduciary duty, as well as various state law claims. See generally Am. Compl.

A number of defendants have agreed to settle with Plaintiffs, resulting in two separate settlement agreements. This memorandum addresses the settlement agreement between Plaintiffs and Defendants SJHSRI, RWH, CCCB, and CCF, ECF No. 77-2 ("Settlement B").[4] Pursuant to Settlement B, the Receiver will be transferred $4.5 million for deposit into the Plan assets by CCF and its insurer. See Settlement B 13; Joint Motion for Settlement Class Certification, Appointment of Class Counsel, and Preliminary Settlement Approval 8 ("Joint Mot."), ECF No 77-1. In exchange, Plaintiffs and Defendants SJHSRI, CCCB, and RWH will release CCF and the Rhode Island Foundation[5] from liability. See Settlement Agreement B 13. In addition, the Receiver will transfer to CCF any rights he holds in CCF. See Joint Mot. 8.

Plaintiffs and Settling Defendants sought preliminary approval of the settlement, to which the Non-Settling Defendants objected. See generally Joint Mot.; Diocesan Defs. Response in

---

[4] Final approval of the other settlement, "Settlement A," is currently pending before this Court.
[5] The Rhode Island Foundation is a custodian for CCF's investment assets. See Joint Mot. 4 n.4.

3

Opp. To Joint Mot., ECF No. 80; Prospect Entities Opp. To Joint Mot., ECF No 81. On May 17, 2019, the Court preliminarily approved the settlement and directed the settling parties to give notice to the purported class. See Order Granting Preliminary Approval 13, 16, ECF No. 123.

Plaintiffs and Settling Defendants now seek final approval of the settlement. One class member objects on the basis that the $4.5 million amount transferred to the Plan is insufficient. The Non-Settling Defendants also reiterate their objections to the settlement, which will be explained in further detail below.

II. Discussion

    a. Jurisdiction

In order to approve the settlement, the Court must first determine that it has jurisdiction over the dispute. A federal court has subject matter jurisdiction under 28 U.S.C. § 1331 so long as "the plaintiff's well-pleaded complaint. . . exhibit[s], within its four corners, either an explicit federal cause of action or a state-law cause of action that contains an embedded question of federal law that is both substantial and disputed." R.I. Fishermen's All. v. R.I. Dept. of Envtl. Mgmt., 585 F.3d 42, 48 (1st Cir. 2009); see 28 U.S.C. § 1331. Plaintiffs' complaint alleges four claims which arise under ERISA -- a federal statute.

Moreover, Plaintiffs must meet statutory and constitutional requirements for standing as part of the threshold jurisdictional

analysis. See In re Deepwater Horizon, 739 F.3d 790, 798 (5th Cir. 2014). As to statutory standing, the civil enforcement provision under ERISA, 29 U.S.C. § 1132, allows claims by plan participants, beneficiaries, and fiduciaries for breach of fiduciary duty and equitable relief. See 29 U.S.C. § 1132(a)(2) & (3). The named plaintiffs are all current participants of the Plan, and the purported class includes participants and beneficiaries of the Plan. Am. Compl. ¶¶ 3-9, 35. Furthermore, the Receiver is an ERISA fiduciary because he, as Plan administrator, "exercises discretionary control or authority over the plan's management, administration, or assets[.]" Mertens v. Hewitt Assoc., 508 U.S. 248, 251 (1993); 29 U.S.C. § 1102(a).

Constitutional standing under Article III requires an injury in fact, a causal connection between the injury and the defendant's conduct, and the likelihood that a favorable outcome will redress the injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). While an injury must be particularized and concrete, "[t]his does not mean, however, that the risk of real harm cannot satisfy the requirement of concreteness." Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1549 (2016). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice[.]" Lujan, 504 U.S. at 561; see In re Deepwater Horizon, 739 F.3d at 804 ("[I]t is sufficient for standing purposes that the plaintiffs seek recovery for an economic

5

harm that they allege they have suffered because for each class member we must assume arguendo the merits of his or her legal claim at the Rule 23 stage.") (internal citation omitted).

In the amended complaint, Plaintiffs allege that the Plan is "grossly underfunded" because the Plan's sponsor did not make required contributions for many years, particularly from 2010 to 2016, and that Defendants knew that the sponsor of the Plan faced liabilities well exceeding its assets as of 2014. Am. Compl. ¶ 63, 448. Plaintiffs also allege that, "[a]s a result of SJHSRI's failure to fund the Plan in accordance with ERISA's minimum funding standards, Plaintiffs pensions will be lost or at least severely reduced."[6] Id. ¶ 458. Given that the Court must accept these allegations as true at this stage of the proceedings, the Court is satisfied that Plaintiffs have alleged an injury sufficient for standing. See Dezelan v. Voya Ret. Ins. Annuity Co., No. 3:16-cv-1251, 2017 WL 2909714, at *5 (D. Conn. July 6, 2017)("Generally, a plaintiff has standing to bring an ERISA claim where the plaintiff alleges a causal connection between defendants' actions and actual harm to an ERISA plan in which the plaintiff participates.")(citing LaRue v. DeWolff, Boberg & Assoc., Inc., 552 U.S. 248, 255-56 (2008)(recognizing that an ERISA claim for

---

[6] The Plaintiffs further allege that when the Plan was placed into receivership, there was a request that "the Rhode Island Superior Court approve a virtually immediate 40% across-the-board reduction in benefits." Am. Compl. ¶ 54.

6

breach of fiduciary duty "does not provide a remedy for individual injuries distinct from plan injuries" and stating that "[m]isconduct by the administrators of a defined benefit plan will not affect an individual's entitlement to a defined benefit unless it creates or enhances the risk of default by the entire plan.")).

Therefore, the Court finds that it has jurisdiction over the subject matter and parties in this dispute.

   b. Final Approval Under Rule 23(e)

A Court may approve a settlement in a class action only upon a finding that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Some of the factors in this consideration include:

> (1) the complexity, expense and likely duration of the litigation, (2) the reaction of the class to the settlement, (3) the stage of the proceedings and the amount of discovery completed, (4) the risks of establishing liability, (5) the risks of establishing damages, (6) the risks of maintaining the class action through the trial, (7) the ability of the defendants to withstand a greater judgment, (8) the range of reasonableness of the settlement fund in light of the best possible recovery, and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

Baptista v. Mutual of Omaha Ins. Co., 859 F. Supp. 2d 236, 240-41 (D.R.I. 2012) (citing City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974)). However, although "[t]he case law offers 'laundry lists of factors' pertaining to reasonableness. . . 'the ultimate decision by the judge involves balancing the advantages

7

and disadvantages of the proposed settlement as against the consequences of going to trial or other possible but perhaps unattainable variations on the proffered settlement.'" Bezdek v. Vibram USA, Inc., 809 F.3d 78, 82 (1st Cir. 2015) (quoting Nat'l Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund, 582 F.3d 30, 44 (1st Cir. 2009)).

Additionally, "[i]f the parties negotiated at arm's length and conducted sufficient discovery, the district court must presume the settlement is reasonable." Id. (quoting In re Pharm. Indus. Average Wholesale Price Litig., 588 F.3d 24, 32-33 (1st Cir. 2009)). "[T]he lack of any serious objection to the settlement agreement from members of the class weighs in favor of approving the settlement." Medoff v. CVS Caremark Corp., No. 09-cv-554-JNL, 2016 WL 632238, at *6 (D.R.I. Feb. 17, 2016); see Wal-Mart Stores, Inc. v. Visa U.S.A. Inc., 396 F.3d 96, 118 (2d Cir. 2005) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.")(internal citation omitted).

The Court finds that this settlement has been entered into in good faith and that its terms are fair, adequate, and reasonable. See Fed. R. Civ. P. 23(e). Without question, this case involves the determination of complex legal questions which would be costly and time-consuming to litigate through trial. See Kemp-DeLisser v. Saint Francis Hospital and Medical Center, No. 15-CV-1113(VAB),

2016 WL 6542707, at *7 (D. Conn. Nov. 3, 2016)("Many courts recognize the particular complexity of ERISA breach of fiduciary duty cases such as this one.") Indeed, hundreds of pages of briefing have already been filed at this stage of the litigation.

Furthermore, Plaintiffs have provided evidence demonstrating that hundreds of class members support the settlement. See Declaration of Christopher Callaci, ECF No. 141; Affidavit of Arlene Violet, ECF No. 142; Declaration of Jeffrey W. Kasle, ECF No. 143. Only one member of the purported class of more than 2,700 members has objected on the basis that the amount of money to be transferred to the Receiver is only half of the money which should have gone into the Plan.[7] See Response in Opp. to Settlement, ECF No. 128. However, as Plaintiffs have acknowledged, given the complexity of this case and lack of settled law with respect to the claims asserted against CCF, Plaintiffs are not without risk in proving liability should the case move forward. See Pl. Mem. in Supp. of Mot. for Final Approval 9, 27, ECF No. 139. In light of that risk, the settlement amount appears to be reasonable.

Additionally, as explained below, the Non-Settling Defendants do not object to Settlement B on the basis that it is the product of bad faith or collusion. On the contrary, as the Court noted in

---

[7] The allegations against CCF in the complaint turn on an alleged improper transfer of approximately $8.2 million in charitable funds to CCF in a 2015 cy pres proceeding. Am. Compl. ¶ 390, 400-09.

9

its preliminary approval order, this settlement appears to be the product of arm's length negotiations by highly experienced and informed counsel after significant document exchange by the parties. Order Granting Preliminary Approval 4; see Pl. Mem. in Supp. of Mot. for Final Approval 37.

For these reasons, the Court finds that Settlement B is the product of good faith and is fair, reasonable, and adequate.

### c. Non-Settling Defendants' Objections

The Non-Settling Defendants have objected to final approval of the settlement on several grounds. A number of these objections turn on an unsettled legal question regarding whether ERISA applies to the Plan or whether the Plan is exempt from ERISA as a "church plan." See Diocesan Defs. Opp. To Final Settlement Approval ("Diocesan Opp.") 2, ECF No. 136; Prospect Defs. Opp. To Final Settlement Approval 3 n. 2 ("Prospect Opp."), ECF No. 138; see also Pl. Mem. in Supp. of Mot. for Final Approval 19. More directly related to the settlement, the Non-Settling Defendants also argue that R.I. Gen. Laws § 23-17.14-35 ("Settlement Statute"), a statute specifically enacted to apply to settlements arising out of claims brought by participants of the Plan, is preempted by ERISA or is unconstitutional.[8] Diocesan Opp. 2-3; Prospect Opp. 3 n.2.

---

[8] The Settlement Statute allows a settling tortfeasor to avoid liability for contribution if the settlement has been judicially approved and is the product of good faith. R.I. Gen. Laws § 23-17.14-35. The Settlement Statute reads, in full:

10

The Court is satisfied that it need not address questions related to the applicability of ERISA in order to approve this settlement. See Kemp-DeLisser, 2016 WL 65427, at *7-8 (approving settlement prior to determining ERISA church-plan exemption issue). Similarly, the Court need not determine the constitutionality or potential preemption of the Settlement Statute, and therefore expressly declines to rule on these issues at this time. The Court's approval of this settlement shall be without prejudice to the Non-Settling Defendants' right to assert these arguments later in this litigation or in future proceedings.

---

> The following provisions apply solely and exclusively to judicially approved good-faith settlements of claims relating to the St. Joseph Health Services of Rhode Island retirement plan, also sometimes known as the St. Joseph Health Services of Rhode Island pension plan:
>
> (1) A release by a claimant of one joint tortfeasor, whether before or after judgment, does not discharge the other joint tortfeasors unless the release so provides, but the release shall reduce the claim against the other joint tortfeasors in the amount of consideration paid for the release.
>
> (2) A release by a claimant of one joint tortfeasor relieves them from liability to make contribution to another joint tortfeasor.
>
> (3) For purposes of this section, a good-faith settlement is one that does not exhibit collusion, fraud, dishonesty, or other wrongful or tortious conduct intended to prejudice the non-settling tortfeasor(s), irrespective of the settling or non-settling tortfeasors' proportionate share of liability.

d. Certification of Class, Class Representatives, and Class Counsel

The Settling Parties also ask the Court to grant final certification of the class, class representatives, and class counsel under Rule 23. In order to meet the standard for class certification, the purported class must meet the requirements under Rule 23(a) and one of the categories of Rule 23(b). See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 621 (1997). A class satisfies Rule 23(a) if

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the class or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Moreover, Rule 23(b)(1)(B) requires a purported class to demonstrate that separate actions by individual members "would create a risk of. . . adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests[.]"

The Court outlined its reasons for finding these factors to have been met in the order granting preliminary approval of the settlement. See Order Granting Preliminary Settlement Approval 5-9. The Court is satisfied that its analysis of these factors has

not changed for purposes of final settlement approval. Additionally, the Non-Settling Defendants' objections do not relate to certification of the class, its representatives, or its counsel.

Accordingly, for purposes of this settlement only, the Court certifies the following class: All participants of the St. Joseph Health Services of Rhode Island Retirement Plan, including all surviving former employees of St. Joseph Health Services of Rhode Island who are entitled to benefits under the Plan and all representatives and beneficiaries of deceased former employees of St. Joseph Health Services of Rhode Island who are entitled to benefits under the Plan. Furthermore, the Court appoints Gail J. Major, Nancy Zompa, Ralph Bryden, Dorothy Willner, Caroll Short, Donna Boutelle, and Eugenia Levesque as settlement class representatives and Wistow, Sheehan & Lovely, P.C. as class counsel.

III. Conclusion

For the reasons stated herein, the court GRANTS final approval of Settlement B and, for purposes of this settlement only, certifies the class, class representatives, and class counsel. IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date:  September 30, 2019