UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STEPHEN DEL SESTO, AS RECEIVER AND ADMINISTRATOR OF THE ST. JOSEPH HEALTH SERVICES OF RHODE ISLAND RETIREMENT PLAN; ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> PROSPECT CHARTERCARE, LLC; ET AL., <br><br> Defendants. | C.A. No. 1:18-CV-00328-S-LDA |

### DIOCESAN DEFENDANTS' RESPONSE IN LIMITED OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

Roman Catholic Bishop of Providence, a corporation sole, Diocesan Administration Corporation, and Diocesan Service Corporation (collectively "the Diocesan Defendants") submit this response in limited opposition to Plaintiffs' Motion For Preliminary Settlement Approval, ECF No. 206 ("the Motion").

1. The Diocesan Defendants have no objection to millions of dollars pouring into the St. Joseph Health Services of Rhode Island Retirement Plan ("the Plan") as part of the proposed settlement between Plaintiffs, the Prospect Entities, Angell Pension Group, Inc., and certain non-parties.

2. Nor do the Diocesan Defendants question whether the proposed settlement was reached in good faith.

3. The Diocesan Defendants believe, however, that R.I. Gen. Laws § 23-17.14-35 (the "Settlement Statute") is not only preempted by ERISA, but also unconstitutional under the United States and Rhode Island Constitutions. *See, e.g.*, Diocesan Defs.' Resp. In Opp'n To The J. Mot. For Settlement Class Certification, Appointment Of Class Counsel & Prelim. Settlement

Approval & Mot. For Award Of Att'ys' Fees at 4-13, ECF No. 73.  As the Court has already made clear that it does not need to reach these contentions in connection with prior settlement approvals, the Diocesan Defendants will not ask the Court to do so here.

4.      Instead, the Diocesan Defendants merely request that any order granting the Motion and finding that the proposed settlement was reached in good faith be without prejudice to the Diocesan Defendants' right to assert at a later date that the Settlement Statute is preempted by ERISA and/or unconstitutional.

5.      Such an order would **not** delay approval of the proposed settlement or the ultimate transmission of settlement funds into the Plan.  It would simply preserve the Diocesan Defendants' rights in a manner consistent with the Court's prior decisions approving settlements in this case.[1]  *See Del Sesto v. Prospect Chartercare, LLC*, 18-cv-328 WES, 2019 WL 5067200, at *6 (D.R.I. Oct. 9, 2019) ("Similarly, the Court need not determine the potential preemption or constitutionality of the Settlement Statute….  The Court's approval of this settlement shall be <u>without</u> <u>prejudice</u> to the Non-Settling Defendants' right to assert these arguments later in this litigation or in future proceedings."  (underlining in original)); *see also Del Sesto v. Prospect Chartercare, LLC*, 18-cv-328 WES, 2019 WL 4758161, at *4 (D.R.I. Sept. 30, 2019) (providing similarly).

6.      Accordingly, to the extent the Court is inclined to grant the Motion, the Court should craft its order to expressly preserve the Diocesan Defendants' right to contend that the Settlement Statute is preempted by ERISA and/or unconstitutional at a later time.

---

[1] The Diocesan Defendants felt compelled to make this request because the provision they seek was absent from the proposed order that Plaintiffs submitted with their Motion, despite its presence in prior settlement approval orders. *See generally* Pls.' Mot. for Preliminary Settlement Approval, Ex. D, ECF No. 206-4.

Respectfully Submitted,

ROMAN CATHOLIC BISHOP OF
PROVIDENCE, A CORPORATION SOLE,
DIOCESAN ADMINISTRATION
CORPORATION and DIOCESAN SERVICE
CORPORATION

By Their Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Howard Merten
Howard Merten (#3171)
Eugene G. Bernardo (#6006)
Paul M. Kessimian (#7127)
Christopher M. Wildenhain (#8619)
40 Westminster Street, Suite 1100
Providence, RI  02903
(401) 861-8200
(401) 861-8210 FAX
hmerten@psh.com
ebernardo@psh.com
pkessimian@psh.com
cwildenhain@psh.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of March, 2021, the foregoing document has been filed electronically through the Rhode Island ECF system, is available for viewing and downloading, and will be sent electronically to the counsel who are registered participants identified on the Notice of Electronic Filing.

/s/ Howard Merten

4004919.1/1444-35