UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                   )
STEPHEN DEL SESTO, AS RECEIVER AND )
ADMINISTRATOR OF THE ST. JOSEPH    )
HEALTH SERVICES OF RHODE ISLAND    )
RETIREMENT PLAN, et al.,           )
                                   )
         Plaintiffs,               )
                                   )   C.A. No. 18-328 WES
    v.                             )
                                   )
PROSPECT CHARTERCARE, LLC, et al., )
                                   )
         Defendants.               )
_____)
```

**ORDER GRANTING FINAL APPROVAL TO SETTLEMENT**

WILLIAM E. SMITH, District Judge.

Before the Court is a request for final approval of a Settlement reached between Plaintiff Stephen Del Sesto ("Plan Receiver"), as state appointed receiver and administrator of the St. Joseph Health Services of Rhode Island Retirement Plan (the "Plan"), Named Plaintiffs Gail J. Major, Nancy Zompa, Ralph Bryden, Dorothy Willner, Caroll Short, Donna Boutelle, and Eugenia Levesque, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), and Defendants Prospect Medical Holdings, Inc., Prospect East Holdings, Inc., Prospect Chartercare, LLC, Prospect Chartercare SJHSRI, LLC, and Prospect Chartercare RWMC, LLC (collectively referred to herein as

"Prospect"), and The Angell Pension Group, Inc. ("Angell") (Prospect and Angell being collectively the "Settling Defendants"), Thomas Hemmendinger in his capacity as liquidating receiver (the "Liquidating Receiver") of CharterCARE Community Board, having been so appointed in the Rhode Island Superior Court matter captioned In re: CharterCARE Community Board, St. Joseph Health Services of Rhode Island and Roger Williams Hospital (C.A. No. PC-2019-11756) (the "Liquidation Proceedings"), Sam Lee, and David Topper (all parties to the Settlement being collectively referred to as the "Settling Parties").

Following preliminary approval of the Settlement on March 26, 2021 (ECF No. 209), a fairness hearing was held on July 20, 2021, concerning (1) final approval of the Settlement and certification of the class, class representatives, and class counsel, and (2) approval of the fee application (ECF No. 210) filed by Wistow, Sheehan & Loveley, PC ("WSL"). See Min. Entry for July 20, 2021. For the reasons stated during the fairness hearing, it is hereby:

**ORDERED, ADJUDGED, AND DECREED:**

1. The Court has jurisdiction over the subject matter of this action, each of the parties, and all members of the Settlement Class.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement.

3. The Court finds that the Settlement is the product of good faith and is in all respects fair, reasonable, and adequate.

4. The Court finds that the Settlement is a judicially approved good-faith settlement under R.I. Gen. Laws § 23-17.14-35. This finding is made without prejudice to the right of the Non-Settling Defendants[1] to argue later in this litigation or in a future proceeding that R.I. Gen. Laws § 23-17.14-35 is preempted and/or unconstitutional.

5. Pursuant to Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Court grants final certification to the following Settlement Class:

> All participants of the St. Joseph Health Services of Rhode Island Retirement Plan ("the Plan"), including:
>
> i) all surviving former employees of St. Joseph Health Services of Rhode Island who are entitled to benefits under the Plan; and
>
> ii) all representatives and beneficiaries of deceased former employees of St. Joseph Health Services of Rhode Island who are entitled to benefits under the Plan.

6. Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to the Settlement Class to object to the Settlement and to participate in the July 20, 2021 Fairness Hearing, it

---

[1] The Non-Settling Defendants are the Roman Catholic Bishop of Providence, a corporation sole, the Diocesan Administration Corporation, and the Diocesan Service Corporation.

is hereby determined that all Settlement Class members are bound by this Order.

7. Pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, the Court finds:

   a. There are over 2,700 members of the Settlement Class, rendering joinder of all members of the Settlement Class impracticable.

   b. The issues raised by Plaintiffs' claims present issues of law and fact common to the class, including but not limited to the Plan participants' rights under the Plan and whether those rights were violated by any defendant.

   c. There is typicality among the Settlement Class Representatives' claims and the claims of the Settlement Class.

   d. The Settlement Class Representatives are aligned with the Settlement Class members, the Settlement Class Representatives and class counsel have adequately represented the Settlement Class, and class counsel have satisfied the requirements of Rule 23(g) of the Federal Rules of Civil Procedure.

8. Pursuant to Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure, the Court finds that separate actions by individual members would create a risk of adjudications with respect to individual class members that, as a practical

matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

9. The Court appoints the Individual Named Plaintiffs Gail J. Major, Nancy Zompa, Ralph Bryden, Dorothy Willner, Caroll Short, Donna Boutelle, and Eugenia Levesque, as Representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

10. The Court appoints WSL as class counsel for the Settlement Class.

11. The Court grants WSL's fee application and awards WSL twenty three and one third percent (23 1/3%) of the gross Settlement amount of $30,000,000, i.e. $7,000,000. The Plan Receiver shall obtain and distribute these amounts as follows:

   a. In accordance with the Stipulation and Consent Order dated January 4, 2021 entered in the Rhode Island Superior Court action captioned <u>St. Joseph Health Services of Rhode Island, Inc., v. St. Joseph's Health Services of Rhode Island Retirement Plan, as Amended</u>, PC-2017-3856, the Plan Receiver shall file his affidavit with the Superior Court attaching this Order. The Plan Receiver shall obtain $2,750,000.00 from the Registry of the Rhode

5

       Island Superior Court, shall pay $641,666.67 to WSL, and shall pay the balance of $2,108,333.33 into the Plan.

b. The Plan Receiver shall demand and obtain $22,250,000 from JPMorgan Chase Bank, N.A. under JPMorgan Chase Bank N.A. Letter of Credit No. NUSCGS036108, shall pay $5,191,666.67 to WSL, and shall pay the balance of $17,058,333.33 into the Plan.

c. The Plan Receiver shall demand and obtain $5,000,000 from JPMorgan Chase Bank, N.A. under JPMorgan Chase Bank N.A. Letter of Credit No. NUSCGS036107, shall pay $1,166,666.66 to WSL, and shall pay the balance of $3,833,333.34 into the Plan.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
District Judge
Date: July 29, 2021