# Exhibit 1

## SETTLEMENT AGREEMENT

This settlement agreement ("Settlement Agreement") is entered into as of the 34th day of *August*, 2023, between and among Stephen Del Sesto (the "Plan Receiver") (as Receiver and Administrator of the St. Joseph Health Services of Rhode Island Retirement Plan (the "Plan") and as Liquidating Receiver of St. Joseph Health Services of Rhode Island),and Gail J. Major, Nancy Zompa, Ralph Bryden, Dorothy Willner, Caroll Short, Donna Boutelle, and Eugenia Levesque, said persons acting individually and[1] on behalf of all Class Members as defined herein (the Plan Receiver and said persons are collectively referred to as "Plaintiffs"), on the one hand, and Defendants Roman Catholic Bishop of Providence, a corporation sole, Diocesan Administration Corporation, and Diocesan Service Corporation (collectively the "Diocesan Defendants"), on the other hand. The Plaintiffs, Stephen Del Sesto as Liquidating Receiver of St. Joseph Health Services of Rhode Island, and the Diocesan Defendants are collectively referred to as the "Settling Parties."

WHEREAS St. Joseph Health Services of Rhode Island ("SJHSRI") filed a petition to place the Plan into receivership in that certain civil action entitled *St. Joseph Health Services of Rhode Island, Inc. v. St. Joseph Health Services of Rhode Island Retirement Plan*, C.A. No. PC-2017-3856, filed in Providence County Superior Court in the State of Rhode Island (the "Plan Receivership"), requesting the appointment of a receiver and the reduction of benefits to participants under the Plan by 40%, and the Plan Receiver was appointed by the State Court (as defined herein) in that proceeding;

---

[1] Contingent upon the Federal Court (as defined herein) certifying the Settlement Class as provided herein.

WHEREAS the Plan Receiver has also been appointed Liquidating Receiver of St. Joseph Health Services of Rhode Island in that certain civil action entitled *In re: CharterCare Community Board, St. Joseph Health Services of Rhode Island, And Roger Williams Hospital*, C.A. No. PC-2019-11756, filed in Providence County Superior Court in the State of Rhode Island (the "Liquidating Receivership") (the Plan Receivership and the Liquidating Receivership being collectively the "Receivership Proceedings");

WHEREAS Plaintiffs asserted claims against the Diocesan Defendants and others in a lawsuit filed in the United States District Court for the District of Rhode Island, captioned *Stephen Del Sesto et al. v. Prospect Chartercare, LLC et al.*, (C.A. No: 1:18-CV-00328-WES-LDA) (the "Federal Court Action"), and in a lawsuit filed in the Rhode Island Superior Court also captioned *Stephen Del Sesto et al. v. Prospect Chartercare, LLC et al.*, (C.A. NO.: PC-2018-4386) (the "State Court Action"), which lawsuits concern the alleged underfunded status of the Plan;

WHEREAS, the Settling Parties recognize that the claims of the Plaintiffs against the Diocesan Defendants are disputed and uncertain, the Parties desire to settle such claims so as to avoid the cost, risk and uncertainty of litigation, and believe that settlement on the terms set forth herein are in the best interests of the parties and the Plan participants, with no party admitting any fault or liability in entering into this Settlement Agreement;

NOW, THEREFORE, in consideration for the mutual exchange of promises contained herein, the adequacy and sufficiency of which is hereby acknowledged, the Settling Parties hereby agree as follows:

2

16022855.1

1.    For purposes of this Settlement Agreement, and in addition to other terms that are defined elsewhere in this Settlement Agreement, the following terms shall have the meanings specified herein:

a.    "CAFA Notice" means the notice of the proposed settlement in compliance with the requirements of the federal Class Action Fairness Act, 28 U.S.C. § 1711 et seq.

b.    "Class Members" means the members of the Settlement Class.

c.    "Class Notice" means the notice to be provided to Class Members of the Final Approval Hearing, in the form to be approved by the Court.

d.    "Class Representatives" mean Gail J. Major, Nancy Zompa, Ralph Bryden, Dorothy Willner, Caroll Short, Donna Boutelle, and Eugenia Levesque, who will first seek to be appointed as representatives of the Settlement Class for settlement purposes in connection with this Settlement Agreement.

e.    "Dismissal of the Federal Court Action" means a stipulation of dismissal of Plaintiffs' claims against the Diocesan Defendants with prejudice and without costs.

f.    "Dismissal of the State Court Action" means a stipulation of dismissal of Plaintiffs' claims against the Diocesan Defendants with prejudice and without costs.

g.    "Diocesan Defendants' Counsel" means the law firm of Partridge Snow & Hahn LLP and the attorneys of said firm.

3

16022855.1

h.   "Federal Court" means the court in the Federal Court Action.

i.   "Final Approval Hearing" means the hearing at which the Federal Court will make a final determination as to whether the terms of the Settlement are fair, reasonable, and adequate, as to the Settlement Class, such that the Settlement should be finally approved by the Federal Court and such other and further relief as the Federal Court may direct.

j.   "Joint Statement" means the statement attached hereto as Exhibit 1.

k.   "Motion for Preliminary Settlement Approval" means the motion, supporting memorandum, and the exhibits thereto that the Plaintiffs will file with the Federal Court seeking preliminary approval of the Settlement.

l.   "Motion for Final Settlement Approval" means the motion, supporting memorandum, and the exhibits thereto that the Plaintiffs will file with the Federal Court seeking final approval of the Settlement.

m.   "Notice Plan" means the form, contents, and method of delivery of the Class Notice to be provided to Class Members.

n.   "Order Granting Preliminary Settlement Approval" means, unless otherwise ordered by the Federal Court, the order 1) certifying the Settlement Class for purposes of determining whether the Settlement is fair, reasonable, and adequate; 2) appointing Plaintiffs' Counsel to represent the Settlement Class, 3) preliminarily approving the Settlement; and 4) approving the Notice Plan.

4

o.    "Order Granting Final Settlement Approval" means the order approving the Settlement as fair, reasonable, and adequate and such other and further relief as the Federal Court may direct.

p.    "PBGC" means Pension Benefit Guaranty Corporation.

q.    "Petition for Settlement Authority and Instructions" means the petition and the exhibits thereto that the Plan Receiver will file in the Receivership Proceedings for an order ratifying his joining in this Settlement Agreement and authorizing him to seek approval thereof in the Federal Court Action and pay attorneys' fees to Plaintiffs' Counsel pursuant to the retainer agreement subject to the approval of the Federal Court.

r.    "Plaintiffs' Counsel" means the law firm of Wistow, Sheehan & Loveley, P.C. and the attorneys of said firm.

s.    "Proceedings for Settlement Approval" means:

   i.    the Petition for Settlement Authority and Instructions and the proceedings in connection therewith;

   ii.    the Motion for Preliminary Settlement Approval in the Federal Court and the proceedings in connection therewith; and

   iii.    the Motion for Final Settlement Approval in the Federal Court and the proceedings in connection therewith.

t.    "Settlement Class" means all participants of the Plan, including:

   i.    all surviving former employees of SJHSRI who are entitled to benefits under the Plan; and

5

16022855.1

      ii.      all representatives and beneficiaries of deceased former employees of SJHSRI who are entitled to benefits under the Plan.

u.      "Settlement" means the settlement between and among the Settling Parties pursuant to this Settlement Agreement.

v.      "Settlement Funds" means the sum of two million five hundred thousand and 00/100 dollars ($2,500,000) which is to be paid to the Plan Receiver by or on behalf of the Diocesan Defendants.

w.      "State Court" means the court in the State Court Action.

x.      "Stipulation and Consent Order Staying Action" means the pleading attached hereto as Exhibit 2.

2.      Plaintiffs by their counsel and the Diocesan Defendants will issue and make public the Joint Statement upon the filing of any document in either the Federal Court Action, the State Court Action, or the Receivership Proceedings that makes the existence of the Settlement public.

3.      The Settling Parties agree that within five (5) business days of the execution of this Settlement Agreement, Counsel for the Plan Receiver will file the Stipulation and Consent Order Staying Action in the Federal Court Action with the request on behalf of all the Settling Parties that it be entered as an order of the Federal Court.

4.      The Plan Receiver agrees that, within fifteen (15) business days of the entry by the Federal Court of the Stipulation and Consent Order Staying Action, the Plan

16022855.1

Receiver will file the Petition for Settlement Authority and Instructions in the Receivership Proceedings

5. The Plan Receiver agrees that within five (5) business days of the entry of an order granting the Petition for Settlement Authority and Instructions in the Receivership Proceedings, Plaintiffs will file their Motion for Preliminary Settlement Approval in the Federal Court Action.

6. Within fifteen (15) calendar days of the execution of this Settlement Agreement and entry of an order granting the Petition for Settlement Authority and Instructions in the Receivership Proceedings, Plaintiffs will execute and deliver to the Diocesan Defendants' Counsel the executed release of the Settling Defendants and certain other individuals and entities as identified therein, in the form attached hereto as Exhibit 3, which is to be held in escrow by the Diocesan Defendants' Counsel until 15 days after Settlement Funds have been paid to the Plan Receiver so long as such funds have cleared the Plan Receivership bank account.

7. Within fifteen (15) calendar days of the execution of this Settlement Agreement, the Diocesan Defendants will execute and deliver to Counsel for the Plaintiffs the executed release of the Plaintiffs and certain other persons and entities as identified therein, in the form attached hereto as Exhibit 3, to be held in escrow by Plaintiffs' Counsel until fifteen days after the Settlement Funds have been paid to the Plan Receiver so long as such funds have cleared the Plan Receivership bank account.

7

8.    The Plan Receiver agrees that prior to the filing of the Motion for Preliminary Settlement Approval, he will provide Counsel for the Diocesan Defendants with a list of all known Class Members, including the states in which they are believed to reside.  Within ten (10) calendar days following the filing of the Motion for Preliminary Settlement Approval, the Diocesan Defendants agree to have their counsel serve the CAFA Notice, with the exhibits referred to therein, by mailing a copy thereof through the United States Postal Service, First Class Mail, to the Rhode Island Attorney General, the Director of the Rhode Island Department of Business Regulation, the Attorney General for every other State where a Class Member is believed to reside, and to the Attorney General of the United States, and, no later than fourteen (14) days prior to the Final Approval Hearing, to provide the Court and the Plan Receiver with a sworn declaration or affidavit confirming that they have done so, which shall list each recipient and the address to which the CAFA Notice was sent.

9.    In their Motion for Preliminary Settlement Approval, Plaintiffs will request that the Federal Court certify the Settlement Class pursuant to Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure, on the grounds that prosecuting separate actions by or against individual Class Members would create a risk of adjudications with respect to individual Class Members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

16022855.1

10.    The Settling Parties agree to cooperate and to take all reasonable measures so that the conditions of this Settlement Agreement, including those in Paragraph 12 are met, and this Settlement Agreement will be fully effectuated.

11.    The Plan Receiver agrees that, subject to the approval of the Rhode Island Superior Court in the Plan Receivership and at a time that the Plan Receiver deems in his sole discretion to be an appropriate time (expected to be no sooner than the Spring of 2024), the Plan Receiver will seek to have PBGC terminate and take over the Plan, it being understood and agreed that the Plan Receiver will do so as soon as the Plan Receiver reasonably believes that PBGC will terminate and take over the Plan and provide the maximum statutory guaranteed benefits under the Employee Retirement Income Security Act of 1974 ("ERISA") to all Plan participants.

12.    This Settlement Agreement will be null and void, as if this Settlement Agreement had never been entered into, if for any reason (other than the breach of this Settlement Agreement by any of the Settling Parties), the following conditions are not met:

a.    the Federal Court enters the Stipulation and Consent Order Staying the Action;

b.    the Plan Receiver in the Receivership Proceedings receives authority to proceed with this Settlement;

c.    the Motion for Preliminary Settlement Approval and the Motion for Final Settlement Approval are granted;

9

    d.       The Plan Receiver in the Receivership Proceedings receives authority to seek PBGC termination and takeover of the Plan;

    e.       PBGC initiates or accepts the termination of the Plan;

    f.       PBGC agrees to take over the Plan and to provide the maximum statutory guaranteed benefits under ERISA to all Plan participants; and/or

    g.       PBGC agrees to release (or that it will not assert) any claims against the Diocesan Defendants and any other Diocesan Releasees described in Exhibit 3.

13.    Within fifteen (15) days of the occurrence of the last of all of the events referred to in paragraph twelve (12) of this Settlement Agreement, the Diocesan Defendants will pay the Settlement Funds to the Plan Receiver.  If all of the events referred to in paragraph 12 of this Settlement Agreement do not occur, there is no obligation under this Settlement Agreement for the payment referenced in this Paragraph to be paid and this Settlement Agreement will be null and void.

14.    The Settling Parties agree that the Dismissal of the Federal Court Action, and the Dismissal of the State Court Action will be filed with the respective courts within 15 days of the payment of the Settlement Funds as set forth in paragraph thirteen (13) to the Plan Receiver.

15.    The Settling Parties agree that, in connection with the Settlement, Plaintiffs' Counsel will apply for an award of attorneys' fees and expenses from the

Settlement Funds.  The Settling Defendants agree not to object to such award or the requested amount of the award.

16.    The drafting of this Settlement Agreement and Exhibits 1-3 hereto (collectively "Settlement Documents") is a result of lengthy and intensive arm's-length negotiations, and the presumption that ambiguities shall be construed against the drafter does not apply.  None of the Settling Parties will be deemed the drafter of the Settlement Documents for purposes of construing their provisions.

17.    This Settlement Agreement may be executed by the Settling Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  A signature to this Settlement Agreement made or delivered by electronic means is deemed to be an original signature.

18.    The Settling Parties further agree that no promise or inducement has been offered, except as herein set forth, and that this Settlement Agreement contains the entire agreement between and among the Settling Parties and supersedes any and all prior agreements, understandings, representations, and discussions, whether written or oral, between the Settling Parties.  The Settling Parties represent that each Settling Party is voluntarily entering into this Settlement Agreement, based on advice and recommendations of each Settling Party's own judgments, beliefs and knowledge, and the advice and recommendations of their own independently selected counsel, and not based on any representation from any other party (other than the representations included in the Settlement Documents) including, for the avoidance of ambiguity, any representation as to

11

the tax consequences of any payment hereunder. The Settling Parties by entering into this Agreement, do not admit to the truth of any allegation contained in any of the actions identified and do not admit any fault, liability or wrongdoing whatsoever.

19.    The Settling Parties further agree that Rhode Island law (excluding its conflict of laws rules) shall govern this Settlement Agreement.

20.    Nothing in this Agreement is intended, or shall be construed, to give any person, other than the Settling Parties and their respective successors, any legal or equitable right, remedy or claim under, or in respect to, this Settlement Agreement, or any provisions contained herein. The Settling Parties each represent that they have not assigned any interest in the claims settled herein, and each Settling Party has full authority to release the claims released by such Party.

IN WITNESS WHEREOF, I have hereunto set my hand this ___17th___ day of ___August___, in the year 2023.


_____
Stephen Del Sesto, as Receiver for the St.
Joseph Health Services of Rhode Island
Retirement Plan, and as Liquidating Receiver
of St. Joseph Health Services of Rhode Island


Witness _____

16022855.1

IN WITNESS WHEREOF, I have hereunto set my hand this _16th_ day of _August_, in the year 2023.

_____
GAIL J. MAJOR

Witness _____


IN WITNESS WHEREOF, I have hereunto set my hand this _15_ day of _Aug_, in the year 2023.

_____
NANCY ZOMPA

Witness _____

13

IN WITNESS WHEREOF, I have hereunto set my hand this _16_ day of August, in the year 2023.

_Ralph Bryden_
RALPH BRYDEN

Witness _____

IN WITNESS WHEREOF, I have hereunto set my hand this 14th day of August, in the year 2023.

_Dorothy Willner_
DOROTHY WILLNER

Witness _____

14

16022855.1

IN WITNESS WHEREOF, I have hereunto set my hand this _15th_ day of _August_, in the year 2023.

_____
CAROLL SHORT

Witness _____


IN WITNESS WHEREOF, I have hereunto set my hand this _15th_ day of _August_, in the year 2023.

_____
DONNA BOUTELLE

Witness _____

15

16022855.1

IN WITNESS WHEREOF, I have hereunto set my hand this __16__ day of _August_, in the year 2023.

_Eugenia Levesque_
EUGENIA LEVESQUE

Witness _____

IN WITNESS WHEREOF, and upon due authorization, I have hereunto set my hand this _____ day of _____, in the year 2023.

_____
Most Reverend Richard G. Henning, D.D., S.T.D.
Bishop of Providence
Roman Catholic Bishop of Providence, a corporation sole.

Witness _____

16

16022855.1

IN WITNESS WHEREOF, I have hereunto set my hand this _____ day of

_____, in the year 2023.


_____

EUGENIA LEVESQUE


Witness _____




IN WITNESS WHEREOF, and upon due authorization, I have hereunto set my

hand this _17th_ day of _August_____, in the year 2023.


_____

Most Reverend Richard G. Henning, D.D.,
S.T.D.
Bishop of Providence
Roman Catholic Bishop of Providence, a
corporation sole.


Witness _____


16

IN WITNESS WHEREOF, and upon due authorization, I have hereunto set my hand this ___17th___ day of ___August___, in the year 2023.

_____
Michael F. Sabatino
Assistant Treasurer
Diocesan Administration Corporation.

Witness _____

IN WITNESS WHEREOF, and upon due authorization, I have hereunto set my hand this ___17th___ day of ___August___, in the year 2023.

_____
Michael F. Sabatino
Assistant Treasurer
Diocesan Service Corporation.

Witness _____
4495847.1/1444-35

17

# EXHIBIT 1

The remaining parties in the state and federal lawsuits involving the St. Joseph Health Services of Rhode Island Retirement Plan (the "Plan") have reached an agreement to resolve the cases. All parties believe that the agreed-upon framework best positions the Plan for submission to Pension Benefit Guaranty Corporation ("PBGC"), the federal agency which protects pension benefits in private-sector defined benefit pension plans. The parties are hopeful that this settlement along with settlements previously reached with other defendants will increase the likelihood of PBGC taking over the Plan and also guaranteeing payment of future retiree benefits up to the statutory maximum. In reaching the settlement, the parties acknowledged that the underlying allegations remain intensely disputed and there was no admission of fault by the Bishop or any diocesan-related entity in entering into the resolution.

Under the agreement, the Diocese will make a $2.5 million payment to the Plan Receivership, upon the occurrence of the following events:

First, the Federal Court agrees to stay the pending litigation pending the action by PBGC as discussed below;

Second, as of an appropriate time (expected to be no sooner than the Spring of 2024) the Plan's Receiver will seek to have PBGC terminate the Plan and PBGC agrees to take over the Plan;

Third, PBGC agrees, upon Plan termination and trusteeship, to release, or to not assert, any claims against any diocesan-related entities;

Fourth, PBGC agrees to provide the maximum statutory guaranteed benefits; and

Fifth, the Federal and State courts approve the settlement terms, including complete releases of all claims by the settlement class, with the Federal court certifying a settlement class.

Should any of these conditions not be met, the settlement agreement is void, no payments will be made, and all claims and defenses will remain outstanding.

Both the Receiver and plaintiffs' counsel expressed appreciation for the Diocese's cooperation in assisting them to position the Plan so that it has an opportunity for PBGC to take over the Plan and make payments to the Plan participants up to the maximum statutory guarantee. While both sides believe they have strong claims and defenses, they agree that ending the lawsuit and taking those steps necessary to hopefully secure full coverage for the Plan participants is in the best interests of everyone.

4496014.1/1444-35

# EXHIBIT 2

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

STEPHEN DEL SESTO, AS RECEIVER
AND ADMINISTRATOR OF THE ST.
JOSEPH HEALTH SERVICES OF RHODE
ISLAND RETIREMENT PLAN; ET AL. ,

       Plaintiffs,

v.

PROSPECT CHARTERCARE, LLC; ET AL.,

       Defendants.

C.A. No. 1:18-CV-00328-WES/LDA

## STIPULATION AND CONSENT ORDER STAYING ACTION

WHEREAS Plaintiffs and the Diocesan Defendants have agreed to a settlement of their disputes pursuant to a settlement agreement (the "Settlement Agreement") for which they will seek approval from the Court and from the Rhode Island Superior Court, and

WHEREAS the Settlement Agreement provides that the settlement is subject to certain contingencies over the coming months failing which the settlement will be void, including that the Pension Benefit Guaranty Corporation ("PBGC") agrees to take over the Plan and to provide the maximum statutory guaranteed benefits under ERISA to all Plan participants, and

WHEREAS PBGC is not expected to make that determination for some time, probably not before April 1, 2024, and

WHEREAS it is in the interests of the parties and judicial economy that the captioned proceeding be stayed except for matters incidental to or required by the Settlement Agreement , and

WHEREAS the Settlement Agreement provides that the settlement is also subject to the entry of this Stipulation and Consent Order,

NOW, THEREFORE, Plaintiff Stephen Del Sesto (the "Receiver") and the individual named plaintiffs (individually and as putative class representatives) (with the Receiver, "Plaintiffs") and Defendants Roman Catholic Bishop of Providence, a corporation sole, Diocesan Administration Corporation, and Diocesan Service Corporation (collectively the "Diocesan Defendants") hereby stipulate and agree as follows, and request entry of this stipulation as an Order of the Court.

1.    The captioned proceeding is stayed except for matters incidental to or required by the Settlement Agreement.

2.    Provided, however, that if Plaintiffs and/or the Diocesan Defendants at any time conclude that any of the contingencies to which the settlement is subject will not occur, they may file a motion with the Court explaining the grounds for that conclusion and request that the stay be lifted.

IT IS SO ORDERED

_____
Hon. William E. Smith
United States District Judge

Dated: July      , 2023

2

So stipulated as of July ___, 2023,

By:

STEPHEN DEL SESTO, AS RECEIVER AND ADMINISTRATOR OF THE ST. JOSEPH HEALTH SERVICES OF RHODE ISLAND RETIREMENT PLAN, et al.

By Their Attorneys,
WISTOW, SHEEHAN & LOVELEY, PC

ROMAN CATHOLIC BISHOP OF PROVIDENCE, A CORPORATION SOLE, DIOCESAN ADMINISTRATION CORPORATION and DIOCESAN SERVICE CORPORATION

By Their Attorneys,
PARTRIDGE SNOW & HAHN LLP

/s/ _____
Max Wistow, Esq. (#0330)
Stephen P. Sheehan, Esq. (#4030)
Benjamin Ledsham, Esq. (#7956)
61 Weybosset Street
Providence, RI 02903
(401) 831-2700
(401) 272-9752 FAX
mwistow@wistbar.com
spsheehan@wistbar.com
bledsham@wistbar.com

/s/ _____
Howard Merten (#3171)
Eugene G. Bernardo (#6006)
Paul M. Kessimian (#7127)
Christopher M. Wildenhain (#8619)
40 Westminster Street, Suite 1100
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
hmerten@psh.com
ebernardo@psh.com
pkessimian@psh.com
cwildenhain@psh.com

3

## CERTIFICATE OF SERVICE

I hereby certify that on the    day of July, 2023, the foregoing document has been filed electronically through the Rhode Island ECF system, is available for viewing and downloading, and will be sent electronically to the counsel who are registered participants identified on the Notice of Electronic Filing.

/s/ _____

4502206.1/1444-35

# EXHIBIT 3

## MUTUAL RELEASE [EXHIBIT 3]

This mutual release ("Mutual Release") is entered into as of the ___ day of _____, 2023, between and among STEPHEN DEL SESTO (as Receiver and Administrator of the St. Joseph Health Services of Rhode Island Retirement Plan (the "Plan") and as Liquidating Receiver of St. Joseph Health Services of Rhode Island) (the "Receiver"), and GAIL J. MAJOR, NANCY ZOMPA, RALPH BRYDEN, DOROTHY WILLNER, CAROLL SHORT, DONNA BOUTELLE, AND EUGENIA LEVESQUE[1] (the Receiver and said persons are collectively referred to as the "Receiver and Individual Plaintiffs"), on the one hand, and Defendants ROMAN CATHOLIC BISHOP OF PROVIDENCE, A CORPORATION SOLE, DIOCESAN ADMINISTRATION CORPORATION, and DIOCESAN SERVICE CORPORATION (collectively the "Diocesan Defendants"), on the other hand.

In consideration for the mutual releases contained herein, the adequacy and sufficiency of which is hereby acknowledged, the Receiver and Individual Plaintiffs and Diocesan Defendants (collectively, the "Settling Parties") hereby agree as follows:

The Receiver and Individual Plaintiffs, on behalf of themselves and their predecessors, successors, and assigns, grant this joint tortfeasor release (the "Joint Tortfeasor Release") and do hereby release and forever discharge the Diocesan Defendants, and all entities or corporations organized and existing to conduct the temporal affairs of the Roman Catholic Church within the Diocese of Providence, and all of its and their predecessors, successors, parent companies, subsidiaries and affiliated entities, together with all of their past and present officers, directors, principals, members, shareholders, employees, agents,[2] insurers and attorneys, and their heirs, executors, administrators, successors and assigns (collectively, the "Diocesan Releasees"), of and from the Released Claims as defined herein.

Diocesan Defendants, on behalf of themselves and their predecessors, successors, and assigns, grant this Joint Tortfeasor Release and do hereby release and forever discharge the Receiver and Individual Plaintiffs, and all of their predecessors, successors, parent companies, subsidiaries and affiliated entities, together with all of their past and present officers, directors, principals, members, shareholders, employees, agents, insurers and attorneys, and their heirs, executors, administrators, successors and assigns (collectively, the "Receiver and Individual Plaintiffs Releasees"), of and from the Released Claims as defined herein.

"Released Claims" means any and all actions, claims and demands of every kind and nature, both at law and in equity:

---

[1] Said persons acting individually and on behalf of all Class Members, contingent upon the Federal Court, as defined in the Settling Parties' Settlement Agreement, certifying the Settlement Class as provided in said Settlement Agreement.

[2] While the Diocesan Defendants have maintained that St. Joseph Health Services of Rhode Island was at times associated with the Roman Catholic Church, the Diocesan Defendants have denied and continue to deny that St. Joseph Health Services of Rhode Island was an agent of the Diocesan Defendants or any of them. For the avoidance of doubt and out of an abundance of caution, St. Joseph Health Services of Rhode Island is hereby expressly excluded from the term "Diocesan Releasees."

a) arising out of or in any respect relating to the St. Joseph Health Services of Rhode Island Retirement Plan ("the Plan");

b) that were or could have been asserted by direct claim or counterclaim in connection with that certain civil action entitled *Stephen Del Sesto, as Receiver for the St. Joseph Health Services of Rhode Island Retirement Plan*, et al. *v. Prospect Chartercare LLC*, et al., C.A. No. PC-2018-4386, filed in Providence County Superior Court in the State of Rhode Island (the "State Court Action");

c) that were or could have been asserted by direct claim or counterclaim in connection with that certain civil action entitled *Stephen Del Sesto, as Receiver for the St. Joseph Services of Rhode Island Retirement Plan*, et al. *v. Prospect CharterCare LLC*, et al., C.A. No. 1:18-CV-00328-WES-LDA, filed in the United States District Court for the District of Rhode Island (the "Federal Court Action");

d) that were or could have been asserted by direct claim or counterclaim in connection with that certain civil action entitled *St. Joseph Health Services of Rhode Island, Inc. v. St. Joseph Health Services of Rhode Island Retirement Plan*, C.A. No. PC- 2017-3856, filed in Providence County Superior Court in the State of Rhode Island (the "Plan Receivership");

e) that were or could have been asserted in connection with that certain civil action entitled *In re: CharterCare Health Partners Foundation, Roger Williams Hospital and St. Joseph Health Services of Rhode Island, Inc.*, C.A. No. KM-2015-0035 (the "2015 Cy Pres Action") if Diocesan Defendants were permitted to intervene in such action.

Notwithstanding the foregoing, the following claims or obligations are not released:

a) any claims the Receiver and Individual Plaintiffs or the Diocesan Defendants may have arising out of or relating to any breach of the Settlement Agreement between the parties hereto (the "Settlement Agreement"), including the payment of $2,500,000 by the Diocesan Defendants to the Receiver;

b) any claims the Receiver and Individual Plaintiffs may have arising out of or relating to any breach of the Settlement Agreement dated as of August 31, 2018, the Settlement Agreement dated as of November 21, 2018, or the Settlement Agreement dated as of December 30, 2020;

c) any claims the Receiver and Individual Plaintiffs may have against CharterCARE Community Board, St. Joseph Health Services of Rhode Island, Roger Williams Hospital, CharterCARE Foundation, The Rhode Island Community Foundation, Prospect Medical Holdings, Inc., Prospect East Holdings, Inc., Prospect Chartercare, LLC, Prospect Chartercare SJHSRI, LLC, Prospect Chartercare RWMC, LLC, Prospect East Hospital Advisory Services, LLC, Ivy Holdings, Inc., Ivy Intermediate Holdings, Inc., David & Alexa Topper Family Trust, Green Equity Investors V, LP, Green Equity Investors Side V, LP, JPMorgan Chase Bank, N.A., Samuel Lee, David Topper, Thomas Reardon, Von Crockett, Edwin Santos, Edward Quinlan, Joseph DiStefano, Andrea Doyle, or The Angell Pension Group, Inc. that are not derivative of the Receiver and Individual Plaintiffs' claims against the Diocesan Defendants;

d) any contractual claims the Receiver and Individual Plaintiffs may have against CharterCARE Community Board, St. Joseph Health Services of Rhode Island, Roger Williams Hospital, CharterCARE Foundation, The Rhode Island Community Foundation, Prospect Medical Holdings, Inc., Prospect East Holdings, Inc., Prospect Chartercare, LLC, Prospect Chartercare SJHSRI, LLC, Prospect Chartercare RWMC, LLC, Prospect East Hospital Advisory Services, LLC, Ivy Holdings, Inc., Ivy Intermediate Holdings, Inc., David & Alexa Topper Family Trust, Green Equity Investors V, LP, Green Equity Investors Side V, LP, JPMorgan Chase Bank, N.A., Samuel Lee, David Topper, Thomas Reardon, Von Crockett, Edwin Santos, Edward Quinlan, Joseph DiStefano, Andrea Doyle, or The Angell Pension Group, Inc.

e) any rights to payments due pursuant to any orders of the U.S. District Court in the Federal Court Action or of the Superior Court in either the Plan Receivership or the action captioned *In re: CharterCare Community Board, St. Joseph Health Services of Rhode Island, And Roger Williams Hospital*, C.A. No. PC-2019-11756 ("Liquidating Receivership").

The following persons or entities are expressly not released by the Receiver and Individual Plaintiffs: CharterCARE Community Board, St. Joseph Health Services of Rhode Island, Roger Williams Hospital, CharterCARE Foundation, The Rhode Island Community Foundation, Prospect Medical Holdings, Inc., Prospect East Holdings, Inc., Prospect Chartercare, LLC, Prospect Chartercare SJHSRI, LLC, Prospect Chartercare RWMC, LLC, Prospect East Hospital Advisory Services, LLC, Ivy Holdings, Inc., Ivy Intermediate Holdings, Inc., David & Alexa Topper Family Trust, Green Equity Investors V, LP, Green Equity Investors Side V, LP, JPMorgan Chase Bank, N.A., Samuel Lee, David Topper, Thomas Reardon, Von Crockett, Edwin Santos, Edward Quinlan, Joseph DiStefano, Andrea Doyle, and The Angell Pension Group, Inc.

The Receiver and Individual Plaintiffs reduce their claims or potential future claims against any party deemed a joint tortfeasor under Rhode Island General Laws § 23-17.14-35 in the amount of $2,500,000 only.

This Mutual Release may be executed in one or more counterparts, which, when taken together, shall constitute a single instrument. A true copy of each counterpart shall be deemed an original.

This Mutual Release shall be null and void unless it has been approved in form and substance both by the Superior Court in the Plan Receivership and Liquidating Receivership and by the U.S. District Court in the Federal Court Action as part of the overall approval of the Settlement Agreement, and unless all of the conditions in the subparagraphs of Paragraph 12 of the Settlement Agreement have been met.

Rhode Island law (excluding conflict of laws) shall govern this Mutual Release.

[SIGNATURE BLOCKS FOLLOW]

IN WITNESS WHEREOF,  I have hereunto set my hand this _____ day of _____, in the year 2023.


_____
Stephen Del Sesto, as Receiver for the St. Joseph
Health Services of Rhode Island Retirement Plan
and as Liquidating Receiver of St. Joseph Health
Services of Rhode Island


Witness _____


IN WITNESS WHEREOF, I have hereunto set my hand this _____ day of _____, in the year 2023.


_____
GAIL J. MAJOR


Witness _____

IN WITNESS WHEREOF, I have hereunto set my hand this _____ day of _____, in the year 2023.

_____

NANCY ZOMPA

Witness _____

IN WITNESS WHEREOF, I have hereunto set my hand this _____ day of _____, in the year 2023.

_____

RALPH BRYDEN

Witness _____

IN WITNESS WHEREOF, I have hereunto set my hand this _____ day of _____, in the year 2023.

_____
DOROTHY WILLNER

Witness _____

IN WITNESS WHEREOF, I have hereunto set my hand this _____ day of _____, in the year 2023.

_____
CAROLL SHORT

Witness _____

IN WITNESS WHEREOF, I have hereunto set my hand this _____ day of _____, in the year 2023.

_____

DONNA BOUTELLE

Witness _____

IN WITNESS WHEREOF, I have hereunto set my hand this _____ day of _____, in the year 2023.

_____

EUGENIA LEVESQUE

Witness _____

IN WITNESS WHEREOF, I have hereunto set my hand this _____ day of _____, in the year 2023.


_____
Most Reverend Richard G. Henning, D.D., S.T.D.
Bishop of Providence
Roman Catholic Bishop of Providence, a
corporation sole


Witness _____


IN WITNESS WHEREOF, I have hereunto set my hand this _____ day of _____, in the year 2023.


_____
Michael F. Sabatino
Assistant Treasurer
Diocesan Administration Corporation


Witness _____

IN WITNESS WHEREOF, I have hereunto set my hand this _____ day of _____, in the year 2023.


_____
Michael F. Sabatino
Assistant Treasurer
Diocesan Service Corporation


Witness _____

4496068.1/1444-35